391 So.2d 1140 (1980)
STATE of Louisiana
v.
Stanley PASSMAN.
No. 67530.
Supreme Court of Louisiana.
November 10, 1980.
*1141 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-relator.
Robert Kleinpeter, Baton Rouge, for defendant-respondent.
MARCUS, Justice.
Stanley Passman was indicted by the grand jury for malfeasance in office in violation of La.R.S. 14:134. The indictment charged that Passman, as Director of the Louisiana Real Estate Commission, intentionally issued licenses without valid testing or without regard to actual test scores of applicants and knowingly falsified, altered, modified and/or completed the examinations of applicants in order to insure the issuance or non-issuance of licenses without regard to actual test scores and contrary to the requirements of law.
Defendant filed two motions to quash the indictment, the first urging that La.R.S. 14:134 was unconstitutionally vague and overbroad; and the second contending that the indictment failed to charge an offense "proscribed by statute, ordinance, or any valid rule or regulation" applicable to him in his official capacity. The trial judge sustained the motion to quash because "the indictment failed to charge an offense which is punishable under a valid statute." On application of the state, we granted certiorari to review the correctness of that ruling.[1] Since we conclude that the trial judge properly sustained the motion to quash on the ground that the indictment failed to charge an offense under a valid statute, we do not reach the issue of the constitutionality of La.R.S. 14:134.
La.R.S. 14:134 provides that malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him or to perform any such duty in an unlawful manner.
The key phrase in the statute is "any duty lawfully required of him." In order to determine the duties lawfully required of defendant as Director of the Louisiana Real Estate Commission, we are referred to La. R.S. 37:1431, et seq., which provide for the creation of the Commission, set forth its organizational framework, and furnish regulations to govern various areas of the real estate profession including license issuance, renewal, suspension or revocation, examinations *1142 of potential brokers, and broker's fees. The Reporter's Comment to La.R.S. 14:134 implies that the rules and regulations promulgated by the administrative agency under which a public officer or employee operates should be included in the determination of whether the public officer or employee has refused or failed to perform "any duty lawfully required of him."[2]
Defendant contends that the indictment, based on La.R.S. 14:134, fails to charge him with an offense punishable by law because there are no provisions in La.R.S. 37:1431, et seq., that impose a duty on him as Director of the Louisiana Real Estate Commission. He argues that, even though the Commission has promulgated administrative rules pursuant to and in compliance with La.R.S. 37:1431, et seq., these provisions should not be incorporated into the malfeasance statute for the purpose of determining whether defendant has refused or failed to perform a duty lawfully required of him for two reasons. First, defendant relies on La.R.S. 14:7, which provides that there shall be no other crimes than those defined in the criminal code or other statutes or in the constitution. He therefore argues that the Reporter's Comment following La.R.S. 14:134 advising us to include administrative rules when defining those duties lawfully required of public officers or employees should not be regarded in the determination of whether defendant has properly been charged with malfeasance in office. Secondly, he argues that the incorporation of the administrative regulations of the Louisiana Real Estate Commission into the malfeasance statute would constitute an unlawful delegation of the legislature's exclusive authority to determine what conduct is unlawful.[3] However, even if this court would allow the rules of the Louisiana Real Estate Commission to be considered when defining criminal conduct of malfeasance in office, defendant asserts that these administrative provisions, as well as the provisions of La.R.S. 37:1431, et seq., failed to provide him with notice of that conduct lawfully required of him as Director.
The state argues that the legislative intent of La.R.S. 14:134 as reflected in the Reporter's Comment thereto is to include administrative rules when determining those duties lawfully required of a public officer or employee and, in the instant case, *1143 the Commission's rules as well as the statutory provisions of La.R.S. 37:1431, et seq., impose a duty on defendant to administer fair and accurate testing procedures.[4]
*1144 It is unnecessary for us to reach the issues of unlawful creation of a crime or improper delegation of legislative authority because, even if we refer to the administrative regulations promulgated by the Commission and La.R.S. 37:1431, et seq., we find no provisions delineating affirmative duties required of defendant to administer fair and accurate testing procedures. In absence of any express requirement of him in his official capacity, he cannot be charged with refusing or failing to perform a "duty lawfully required of him." Hence, even accepting all facts alleged in the indictment as true, Passman cannot lawfully be charged with the criminal offense of malfeasance in office. The trial judge properly sustained defendant's motion to quash on the ground that the indictment failed to charge an offense punishable under a valid statute.

DECREE
For the reasons assigned, the ruling of the trial judge sustaining defendant's motion to quash the indictment is affirmed.
LEMMON, J., dissents and will assign reasons.
NOTES
[1] 385 So.2d 257 (La.1980).
[2] The Reporter's Comment to La.R.S. 14:134 is as follows:

The former Louisiana statute limited malfeasance in office to cases where the duty in question was "required of him, personally by law." A similar phrase, "enjoyed by law," in the New York statute has been limited to those duties imposed by statute. In People v. McCann, 151 Misc. 792, 273 N.Y.S. 839 (1934), aff'd 242 App.Div. 515, 275 N.Y.S. 887 (1934), it was held that a duty prescribed by the rules of the department of correction of the city of New York is not "a duty enjoyed by law"; and that the wilful omission by the warden of the New York County Penitentiary to perform such duty was not within the neglect of duty statute.
By phrasing the present section, "lawfully required of him," the offense should include the neglect or wrongful performance of any properly required duty, using the word "lawful" in the broad sense to include such administrative rules as were involved in the McCann case. This is believed to be a necessary change in view of the large number of important duties placed upon officers and employees of the state by departmental rules not having the force and effect of law.
The Louisiana Real Estate Commission has promulgated administrative regulations with the purpose of delineating particular duties of the Commission and of real estate brokers. Rules, Dept. of Commerce, La. Real Estate Comm. (Oct. 20, 1977), amended Dec. 20, 1978. Both the 1977 and 1978 versions of these regulations would allegedly apply to the charges of misconduct set forth in the indictment. We also note that La.R.S. 37:1431, et seq., were amended in 1978 so that both the 1977 and 1978 versions of these statutes apply to the charges in the indictment.
[3] In support of this argument, defendant relies upon State v. Dousay, 378 So.2d 414, 415, n.2 (La.1979), where the court stated: "It should be noted ... that where ... a statute provides criminal sanctions for violations of regulations established by an administrative agency, this may constitute an unconstitutional delegation of the legislature's exclusive authority to determine what conduct is unlawful. The definition of criminal conduct is solely a legislative function, and the delegation of legislative power is strictly limited in Louisiana by the state Constitution."
[4] In its brief to this court, the state urges that sections of the Louisiana Real Estate Manual promulgated by the Commission pursuant to the authority delegated to it by the legislature (see La.R.S. 37:1435) should be incorporated into the malfeasance statute for purposes of delineating the duties of defendant in the instant case. The state cites those sections from the manual as well as some of the Commission's administrative regulations (see note 2 supra) to support its argument that the indictment charges an offense punishable by law. Since, however, the real estate manual was never offered into evidence by the state during the motion to quash, and since it is not contained in the record, we cannot take judicial notice of those provisions. La.R.S. 15:422. The state did indicate that the sections of the manual that it relied upon were very similar to corresponding provisions in La.R.S. 37:1431, et seq.; therefore, we refer to the relevant statutory provisions as amended by La. Act 514 of 1978 rather than those in the manual:

(1) Under Examinations (La.R.S. 37:1440): Professional competency as referred to in this Chapter shall be established by an examination prepared by or under the supervision of the Commission. The examination shall be of a scope sufficient in the judgement of the Commission to determine that a person is professionally competent to act as a real estate broker or salesman. The Commission shall make all necessary rules and regulations governing the time, place and method of conducting such examinations and the grading of them. The examination shall consist of such technical and professional subjects relating to the real estate business as the Commission may prescribe, or believe applicable in order to determine the professional competency of the applicant and to protect the interest of the public. (Emphasis added.)
and LAC 11:15:3 (Rules, Dept. of Commerce, La. Real Estate Comm. (Oct. 20, 1977)):
§ 3.1 Examinations shall be held, after due notice thereof, at such time and place to be designated by the Louisiana Real Estate Commission. The following terms and conditions shall apply with respect to the taking of examinations.
§ 3.1.6 Applicants who are disqualified, for any reason, on an examination shall forfeit all fees.
§ 3.1.7 Applicants who are disqualified on an examination and/or applicants who fail to appear to take the examination are permitted to reapply provided that they remit new license and examination fees and obtain an admittance authorization.
§ 3.1.8 Applicants who fail to pass their initial examination shall forfeit all examination fees. However, they are permitted to take subsequent examinations, provided that they remit a new examination fee and obtain an admittance authorization.
§ 3.1.9 Applicants who fail to pass any examination shall forfeit all fees.
(2) Under Power of Commission (La.R.S. 37:1435):
A. The Commission shall have the full power and authority to regulate the issuance of licenses and to revoke or suspend licenses issued under the provisions of this Chapter and to censure licenses.
. . . . .
C. The Commission may adopt all necessary rules and bylaws for the enforcement of this Chapter; require any satisfactory proof it may desire in reference to the honesty, truthfulness, reputation and knowledge of an applicant for a real estate broker or salesman's license, or of any of the officers or members of any such applicant prior to the issuance of any license; and make, prescribe and enforce rules and regulations relative to applications for licenses necessary to administer and enforce the provisions of this Chapter.
(3) Under Issuance, Suspension and Revocation of Licenses:
La.R.S. 37:1437
B. Licenses shall be granted only to persons who bear a good reputation for honesty, truthworthiness, integrity, and competence to transact the business of broker or salesman in such a manner as to safeguard the interest of the public, and only after satisfactory proof of such qualifications has been presented to the Commission.
La.R.S. 37:1439
B. Upon compliance with the provisions of this Chapter and with the rules and regulations of the Commission, the Commission shall issue the license applied for. If any applicant makes a prima facie showing entitling him to a license from the Commission, the secretary of the Commission may issue the license during any recess of the Commission, subject to the subsequent action of the Commission.
La.R.S. 37:1455
A. The commission may suspend or revoke any license issued under the provisions of this Chapter if, in the opinion of the commission, a licensee is guilty of performing or attempting to perform any of the following acts:
. . . . .
(21) Violating any rule or regulation promulgated by the commission in the interest of the public and consistent with the provisions of this Chapter.