DIXON, Chief Justice.
The attorney general has alleged facts which, if proven, would establish cause for the district court to authorize him to institute and prosecute criminal actions and proceedings and to supersede the district attorney in criminal actions.** La. Const, art. 4, § 8(3)(a) and (b). If the district *807 attorney, in fact, wrongfully thwarted the additional grand jury’s attempt to return indictments against him or any other person, caused the grand jury to be prematurely discharged to prevent it from returning indictments, or filed charges against members of the grand jury as punishment or to prevent the return of indictments, the attorney general should be given this authority as necessary for the assertion and protection of the state’s rights and interests in the matters under investigation by the additional grand jury or which have arisen therefrom. Accordingly, the trial court’s rulings sustaining the exceptions of no cause of action are set aside and the case is remanded for a hearing after which the district court shall make findings of fact and conclusions of law with regard to the issues raised by the attorney general’s allegations. If any of the particular allegations of grand jury interference are true, the district court shall immediately authorize the attorney general to (1) institute and prosecute, or to intervene in any proceeding, as he may deem necessary for the assertion or protection of the rights and interests of the state in the matters under investigation by the additional grand jury or any other matters arising therefrom; (2) supersede the district attorney in any criminal action resulting from the activities of the additional grand jury, including any prosecutions against members of the grand jury; (3) request, in accordance with Louisiana Code of Criminal Procedure article 415.1, the court to order an additional grand jury to be empanelled for the purpose of inquiring into any offenses with respect to which the attorney general is authorized to institute, prosecute or intervene in criminal actions or proceedings or related to those in which the attorney general is authorized to supersede the district attorney.
In the interest of justice and to expedite proceedings, we deem it necessary to assign a district judge specially to preside over the hearing upon the attorney general’s allegations and, if necessary, over any subsequent proceedings arising therefrom. Let Julian E. Bailes be assigned in accordance with La. Const, art. 5, § 5(A) to serve as judge ad hoc of the Twenty-Fifth Judicial District and to effectuate the purposes of this order.

 The Attorney General's first amending and supplemental motion contains allegations including, in accordance with an affidavit filed by the foreman of the Additional Grand Jury, the following: That the extended term of the Additional Grand Jury was to expire on February 19, 1981; that on February 17, 1981 the members of the Additional Grand Jury voted to indict District Attorney Leander H. Perez, Jr. and Delta Development Corporation on the charge of theft from the Parish of Plaquemines and various governmental agencies thereof; that the foreman of the grand jury, believing it would be necessary to have the indictment filed by someone authorized to institute criminal prosecutions, informed District Attorney ad hoc Giles J. Duplechin, Assistant District Attorney Frank Klein, and District Judge Eugene Leon of the impending indictments and requested assistance of these officials; that Judge Leon advised the foreman to adjourn the Additional Grand Jury for the day and further advised that he would arrange a conference for the following morning; that on the morning of February 18, 1981 the foreman learned that the Additional Grand Jury had been discharged, on motion filed by District Attorney Perez and granted by District Judge Leon, without any inquiries by Judge Leon of any matters to be reported upon; and that immediately thereafter the foreman learned that District Attorney Perez had filed a bill of information charging the foreman with conspiracy to commit extortion.