464 So.2d 737 (1985)
STATE of Louisiana
v.
Leander H. PEREZ, Jr., and Eugene E. Leon, Jr.
No. 84-KK-0743.
Supreme Court of Louisiana.
February 28, 1985.
Rehearings Denied March 21, 1985.
*739 William J. Guste, Jr., Atty. Gen., Donald T. Giglio, Patrick G. Quinlan, William B. Faust, III, Asst. Attys. Gen., for applicant.
Peter J. Butler, M. Shawn McMurray, Butler & Heebe, Ralph S. Whalen, Jr., Oestreicher, Whalen & Hackett, New Orleans, for respondents.
BLANCHE, Justice[*].
The district judge denied a motion to quash a bill of information, which had been substituted for an indictment against the defendants, the district attorney and a district judge of the 24th Judicial District, charging both with malfeasance and conspiracy to commit malfeasance. On the application of the defendants, the 4th Circuit Court of Appeal granted writs and reversed the trial court, finding that neither defendant violated any statutory duty required of him by law. 450 So.2d 1324. With respect to the district attorney, the court found that no affirmative duty was violated by him in charging James Elliott and Joseph Defley with conspiracy to commit extortion.[1] The court of appeal's decision was based on the finding that there was "legal cause" to discharge the grand jury because the Defley's letter had "tainted" the grand jury. The letter charged the family of the district attorney with illegally obtaining oil properties of the Parish. It observed that civil litigation would be lengthy and suggested that if the grand jury were to bring indictments against the Perezs, the family might be persuaded to return some of the oil properties.
The court of appeal essentially held on the basis of the evidence produced on the motion to quash that the defendants were not guilty of malfeasance in discharging the grand jury because the evidence showed that the defendants did not misrepresent the facts and that due to outside influences upon the grand jury, there was legal cause for its discharge. While there may be merit to these holdings if the matter were before the court on a motion for a directed verdict or acquittal, the foregoing factual conclusions afford no legal basis to quash a bill of information.
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. La.C.Cr.P. art. 531-534. It is treated much like an exception of no cause of action in a civil suit. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971).
In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 150, 255 *740 So.2d 720 (1971); State v. Ponthieux, 254 La. 482, 224 So.2d 462 (1969). The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974); State v. Snyder, 277 So.2d 660 (La.1973).
The only issue before the court of appeal was whether the trial court ruled correctly on the motion to quash. The court of appeal erred as it did not, in considering the motion to quash, construe the facts as set out in the bill of information and the bill of particulars to be true and then determine whether or not, if proved, they constituted the crime charged. Further, the question of whether there was a justification for discharging the jury is a defense on the merits, and the court of appeal should not have considered the issue on the motion to quash.[2]

Proper Scope of Review
The bill of information charged the defendants with malfeasance and the conspiracy to commit malfeasance. In Count One, Perez and Leon are charged with conspiring with Assistant District Attorney Gilbert Andry, to commit malfeasance through one or more of the following:
(1) Conspiring to cause the discharge of the additional grand jury of the Parish of Plaquemines aforesaid by willfully and unlawfully preparing, presenting, filing and signing a legal pleading containing false representations and recitals.
(2) Conspiring to willfully and unlawfully deny the aforesaid additional grand jury the opportunity to exercise its statutory right to report on all offenses and matters presented and pending before it.
(3) Conspiring to willfully and unlawfully refrain from advising the aforesaid additional grand jury that it or any of its members had a statutory right to make applications for direct review of its discharge by the Louisiana Supreme Court.
In Count Two, defendants Perez and Leon are charged with malfeasance through any one or more of the following acts or omissions:
(1) Causing the discharge of the additional grand jury of the Parish of Plaquemines aforesaid by willfully and unlawfully preparing, presenting, filing and signing of legal pleadings containing false representations and recitals.
(2) Willfully and unlawfully denying the aforesaid additional grand jury the opportunity to exercise its statutory right to report on all offenses and matters presented and pending before it.
(3) Willfully and unlawfully refraining from advising the aforesaid additional grand jury that it or any of its members had a statutory right to make applications for direct review of its discharge by the Louisiana Supreme Court.
In Count Three, Leander Perez is charged with committing malfeasance in connection with the criminal prosecutions of Jury Foreman Elliott and Joseph Defley. Here, the state alleged that the bill against Elliott was filed "in bad faith, without probable cause and with the felonious intention of punishing the said James Elliott for performing his duty as grand jury foreman."
La.R.S. 14:134 provides that malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of *741 him or to perform any such duty in an unlawful manner.
The phrase in the statute upon which this opinion hinges is "any duty lawfully required of him". Before a public official can be charged with malfeasance in office, there must be a statute or provision of the law which delineates an affirmative duty upon the official. State v. Passman, 391 So.2d 1140 (La.1980). The duty must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges.
The state alleges in the bill of particulars that Leander Perez violated the affirmative duties outlined in (1) La. Const. art. 10, § 30 which contains his oath of office; (2) La. Const. art. 5, § 26, La.R.S. 16:1 and La.C.Cr.P. art. 64 which state that the district attorney is the legal advisor to the grand jury; (3) La.R.S. 15:117 which states that the discharged grand jury has the right to have its dismissal reviewed; (4) La.C.Cr.P. art. 680(1) which states that the district attorney shall be recused if he has a personal interest in the proceeding; and (5) La.Code of Professional Responsibility, DR 7-103 and (6) La.C.Cr.P. art. 415.2, which provides for the duration of additional grand juries.
The state alleges that Judge Leon violated the following affirmative duties: (1) signing the order accompanying the motion to discharge knowing that the representations were false with respect to the grand jury having completed its report; (2) La. R.S. 15:117 which states that the grand jury has a right of review of its discharge; (3) La.C.Cr.P. art. 415.2 which states that the grand jury has a right to report if discharged prior to the end of its term.
No explanation is given in the bill of particulars of how these provisions of law impose the duties upon the defendants which they are accused of violating in the bill of information. In their brief, the state contends that La.C.Cr.P. art. 680(1) imposed a mandatory duty upon the district attorney to recuse himself in this case as he had a personal interest in the indictments pending before the grand jury at the time of its discharge. The state argues that La.C.Cr.P. art. 415.2 imposed a duty on both the district attorney and the trial judge not to effect the discharge of the grand jury without giving the panel an opportunity to report on matters pending before it at the time of its discharge. As legal advisor to the grand jury, the state contends that the district attorney had a duty to inform the grand jury of its right to report upon discharge and its right of review of that discharge under La.R.S. 15:117. The state argues that this was particularly true in this case as the district attorney and his family were the parties about to be indicted by that panel. La.C. Cr.P. art. 432 is said to impose a duty on Judge Leon to charge the grand jury with all its rights, powers and duties. The state argues that he violated that duty when he did not charge the grand jury of its right to report under La.C.Cr.P. art. 415.2 and of its right of review of the discharge under La.R.S. 15:117. The state also contends that the La.Code of Professional Responsibility DR 7-103 imposed an affirmative duty on the district attorney not to institute the extortion charges against Defley and Elliott in bad faith and without probable cause.
The defendants contend that no provision of Louisiana law delineates an express affirmative duty on the defendants not to act in the manner outlined in the specifications of the bill of information. They argue that without such duties expressly set forth in some legislative provision, the bill of information fails to charge the defendants with crimes that are punishable under a valid statute. While there is merit to some of the defendants' arguments, we find that the bill of information does charge offenses punishable under a valid statute and should not have been quashed.

The Discharge of the Grand Jury
The bill of information read together with the bill of particulars alleges that the defendants conspired and prevented the grand jury from reporting on indictments *742 which were pending before the panel. The bill of particulars states that the district attorney filed a motion containing false representations so as to discharge the grand jury, and the judge, knowing that the allegations in the motion were false, granted the motion.
The district attorney and the trial judge swore in their oath of office to "support the constitution and laws of this state" and to "faithfully and impartially discharge and perform all the duties incumbent [upon them as public officials]". La. Const. art. 10, § 30. Both public officials have a mandatory duty to conform to the standard of conduct required by that oath. State v. Melerine, 236 La. 881, 109 So.2d 454 (1954). When the defendants swore to uphold the laws of Louisiana, this oath imposed a specific duty upon them not to obstruct or interfere with the execution of those laws. To intentionally interfere with the execution of any law would be a failure to perform a duty lawfully required of them under their oath and would constitute malfeasance.
In the case before us, the grand jury was under a specific statutory duty to "return its report on all offenses and matters presented or pending before it." La.C. Cr.P. art. 415.2[3] The district attorney and the trial judge had an express affirmative duty under their oath of office not to interfere or obstruct the grand jury from performing the positive duties imposed upon it by law. Allegations (1) and (2) of count 1 and count 2 of the bill of information charge the defendants with preparing, presenting, filing and signing a motion which contained false representations so that the grand jury would be dismissed before the panel could report on indictments which were still pending before it. These actions prevented the grand jury from performing a positive duty required of it by law. As the defendants had a duty not to interfere with or obstruct the grand jury in performing its duties and the bill of information charges them with a violation of that duty, the bill of information charges the defendants with an offense punishable under a valid statute.

Right of Review of the Discharge
Louisiana Code of Criminal Procedure article 432 states:
After the oath is administered to the members of the grand jury, the judge shall charge them orally in open court upon their duties, rights and powers. Upon completion of the charge the judge shall give the grand jury a written copy of the charge.
At any time thereafter, the judge, on his own initiative or on request of the grand jury, may give the grand jury additional charges concerning their duties, rights and powers. Such additional charges shall be given in open court, and a written copy thereof shall thereafter be given to the grand jury.
This statute imposes an express duty on the judge to charge the grand jury immediately after it is impanelled with its rights, powers and duties. The bill of information charges Judge Leon with a violation of this duty because he intentionally did not inform the grand jury of its right to seek writs to the Louisiana Supreme Court under the provisions of La.R.S. 15:117.[4] As *743 the judge has a duty to inform the jury of its rights and the bill of information charges the intentional failure to inform the jury of one of those rights, the bill of information charges Judge Leon with the violation of a duty imposed upon him by law which can serve as a basis for the malfeasance charges.
Judge Leon may have a defense that his failure to charge the grand jury with this obscure right was justified. When the initial charge was given to the grand jury almost 1½ years before the jury discharged, there was no reason to contemplate that there would be a need for this particular instruction. However, as this is a defense, it should be considered at the trial on the merits and is not to be considered in determining if the bill of information charges the defendant with an offense punishable by law.
Three provisions of Louisiana law provide that the district attorney is the legal advisor to the grand jury. La. Const. art. 5, § 26; La.R.S. 16:1 and La.C.Cr.P. art. 64. The state argues that as the legal advisor to the grand jury, the district attorney had a duty to inform the grand jury of its right to review of its discharge. The state contends that the oath of office requires that the district attorney perform his duties as legal advisor in an impartial manner and if Perez had been acting impartially, he would have informed the grand jury of its right to review.
None of the provisions which provide that the district attorney is the legal advisor to the grand jury elaborate on what duties are imposed on him in that capacity. No provision of law requires that the district attorney inform the grand jury of its right of review by this court when prematurely discharged. For that matter, no positive provision of law requires the district attorney to inform the grand jury of any of its rights.
In the instant case, the bill of information charges Perez with the failure to inform the grand jury of a specific right. Without some provision of law which sets forth what duties the district attorney has in his capacity as legal advisor to the grand jury, we cannot simply conclude after-thefact what specific things the defendant should have done in that capacity with respect to this additional grand jury.
The provisions of the law which state that the district attorney is the legal advisor to the grand jury cannot be used as the basis for charges of malfeasance because it cannot be said that they impose a duty lawfully required of the district attorney to inform the panel of its right of review when discharged prior to the expiration of its term. Therefore, the portion of the bill of information charging Leander Perez with malfeasance and conspiracy to commit malfeasance on this ground does not charge the defendant with an offense punishable under a valid statute.[5]

Bad Faith Prosecution
The third count of the bill of information concerns the extortion charges filed by Perez *744 against Elliott, the grand jury foreman, and Joseph Defley. The state charged that Perez brought the extortion charges "in bad faith without probable cause and with felonious intent of punishing Elliott for performing his duty as grand jury foreman."
The district attorney has entire charge and control of every criminal prosecution instituted or pending in his district and determines whom, when and how he shall prosecute. La.C.Cr.P. art. 61; State v. Collins, 242 La. 704, 138 So.2d 546 (1962); State v. Jourdain, 225 La. 1030, 74 So.2d 203 (1954). The district attorney is given absolute discretion in the institution of criminal charges. As there is no provision of law that defines or limits the type of cases a district attorney may prosecute, the portion of the bill of information which charges Perez with instituting charges against Elliott and Defley in bad faith and without probable cause does not charge a crime under a valid statute.

Other Issues
Although it was not one of the charges in the bill of information, the state argues that the district attorney violated a mandatory duty to recuse himself under La.C.Cr.P. art. 680(1) as he had a personal interest in the grand jury proceedings. La. C.Cr.P. art. 680(1) states:
Art. 680. Grounds for recusation of district attorney.
A district attorney shall be recused when he:
(1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice;
(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, or to a party who is a focus of a grand jury investigation, to such an extent that it may appreciably influence him in the performance of the duties of his office; or
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.
This statute does not impose an express duty on the district attorney to recuse himself; rather, it merely sets forth the circumstances in which the district attorney may be recused. La.C.Cr.P. art. 681 states that "A district attorney may recuse himself, whether a motion for his recusation has been filed or not, in any case in which the grounds for recusation exist." This article indicates that the district attorney has the optionnot the dutyto recuse himself when he has a personal interest in a case.

Conclusion
We find that Count 3 and allegation (3) of count 1 and count 2 of the bill of information do not charge the defendant Perez with offenses punishable under a valid statute. These portions of the bill of information are regarded as unnecessary and are rejected as surplusage. La.C.Cr.P. art. 486; State v. Scheuering, supra. The remaining allegations in count 1 and count 2 charge defendants Perez and Leon with offenses punishable under a valid statute and the motions to quash the bill of information are overruled.

DECREE
For the foregoing reasons, the decision of the court of appeal is reversed in part, affirmed in part and the case is remanded to the trial court for further proceedings not inconsistent with this decision.
REVERSED IN PART, AFFIRMED IN PART, REMANDED FOR FURTHER PROCEEDINGS.
DENNIS, J., concurs with reasons.
LEMMON and MARCUS, JJ., dissent and assign reasons.
DENNIS, Justice, concurring.
I respectfully concur and join the majority opinion with the following reservations:
The majority opinion implies that we decided in State v. Passman, 391 So.2d 1140 (La.1980), that a duty as contemplated by *745 the malfeasance statute must arise from a "statute or provision of the law." In Passman we did not answer the question of whether a duty under an administrative rule is sufficient. We found that none of the administrative rules cited by the state created an express duty which supported the state's allegations. The issue of whether an administrative rule is sufficient is not presented in this case and remains to be decided at a later time.
The Code of Professional Responsibility, DR 7-103, which is a rule of this court, states that a public prosecutor shall not institute criminal charges "when he knows or it is obvious that the charges are not supported by probable cause." The state contends that this provision imposes a duty on a district attorney not to institute a prosecution in bad faith and without probable cause. However, the majority opinion states that "there is no provision of law that defines or limits the type of cases a district attorney may prosecute." Since the disciplinary rules of the Code of Professional Responsibility, which are rules of this court promulgated under its exclusive authority to regulate the practice of law, have the force and effect of substantive law, the statement of the majority opinion is incorrect. La. Const. art. 5, § 5(B); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Singer, Hunter, Levine, Seeman & Stuart v. Louisiana State Bar Assoc., 378 So.2d 423 (La.1979); Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978) (on rehearing).
The majority opinion indicates that a district attorney who has a personal interest in a case does not have the duty to recuse himself unless he is challenged. Nonetheless, an intentional failure of a district attorney to recuse himself when he knows of the existence of clear grounds for his recusal under the recusal statute constitutes malfeasance. His continued performance as a district attorney is plainly not a faithful and impartial performance of his duty as required by his oath of office and is instead a violation of his clear duty to recuse himself. La. Const. art. 10, § 30; La.C.Cr.P. arts. 680 & 681.
MARCUS, Justice, dissenting.
The key phrase in La.R.S. 14:134 (malfeasance in office) is "any duty lawfully required of him." In State v. Passman, 391 So.2d 1140 (La.1980), we held that before a public official can be charged with malfeasance in office, there must be "provisions delineating affirmative duties" upon the official. We stated that in "absence of any express requirement of him in his official capacity, he cannot be charged with refusing or failing to perform a `duty lawfully required of him.'"
I disagree with the majority that defendants' oath of office to uphold the laws of this state imposed upon them a specific duty to refrain from interfering with the grand jury's fulfillment of its duty to report on indictments pending before it. While not condoning defendants' alleged conduct, I do not find that they violated any express duty of which they had notice and thus cannot be subject to a criminal malfeasance charge. Furthermore, while recognizing that La.Code Crim.P. art. 432 requires the judge to inform the grand jury of its rights and La.R.S. 15:117 provides that the grand jury may have its discharge reviewed by the supreme court, I do not consider, by failing to inform the grand jury that it could seek writs, the judge violated any express duty that would serve as a basis for a malfeasance charge.
I consider that under La.R.S. 14:134, as interpreted by State v. Passman, supra, the bill of information fails to charge defendants with an offense punishable under a valid statute. Defendants' motion to quash should be sustained. Accordingly, I respectfully dissent.
LEMMON, Justice, dissenting.
The issue to be determined in this case is whether the bill of information properly charged these two defendants with malfeasance, which this court construed in State v. Passman, 391 So.2d 1140 (La.1980), as the intentional failure to perform a specific duty expressly defined by the Legislature. *746 The majority errs in creating the new offense of "obstruction of justice" by holding that the crime of malfeasance may be charged against a judge or district attorney whenever he allegedly violates his oath of office.
In Passman, this court was unwilling to say that any willful derelection of duty constituted an intentional refusal or failure to perform a duty lawfully required of the public officer by the malfeasance statute.[1] The court held that the defendant's misconduct did not constitute the crime of malfeasance if no statute delineated the affirmative duty that defendant was charged with failing to perform. By adopting this narrow "express legislative requirement" approach, the court obviously rejected the idea that the Legislature intended to adopt an open-ended offense covering general derelections of duty. The court also sought to avoid any constitutional problems of vagueness.
Criminal statutes must be narrowly construed. One of the inevitable consequences of narrow construction is that some forms of analogous misconduct will fall beyond the scope of a particular statute.[2]
Thus, the malfeasance statute was not designed to punish all forms of misconduct in office. Some forms of misconduct by public officials are subject to other sanctions. A district attorney, for example, may be removed from office under La.R.S. 16:2C, and a judge may be disciplined or removed by proceedings before the Judiciary Commission under La. Const. Art. V § 25(C) (1974).
Arguably, a district attorney's moving to discharge a grand jury which is planning to indict him (or a trial judge's granting that motion with knowledge of those facts) can never be justified. Similarly, it may never be appropriate for a district attorney to file charges which are not supported by probable cause (particularly if filed for retaliatory political motive). Nevertheless, these are not the issue in this case. The issue, as stated earlier, is whether the bill of information charges conduct that involves the failure to perform a specific duty expressly defined by the Legislature, in accordance with this court's decision in Passman.[3] After reviewing the bill of information and the bill of particulars, I conclude that it does not.

ON APPLICATION FOR REHEARING
DIXON, Chief Justice, concurring in the denial of rehearing.
I respectfully agree with the majority opinion, and that the rehearing in this case should be denied. However, the case has been before us, in one posture or another, since 1981. This court has issued several rulings. Some have been reported, but some have not. To be sure that all this court's rulings in this case are available, the following report is appropriate.
In the matter before us the district judge denied a motion to quash a bill of information which had been substituted for an indictment against defendants, who were the district attorney and a district judge of the same district. Defendants applied to the court of appeal for writs, which were granted. The court of appeal reversed the trial judge, quashed the bill of information and "remanded to the trial court for appropriate proceedings ..."
*747 The indictment (and the substituted bill of information) charged the district attorney and the judge with one count of conspiracy to commit malfeasance in prematurely discharging the grand jury, and with one count of malfeasance for the same acts, and, in a third count, charged the district attorney with malfeasance for charging Elliott (the foreman of the grand jury) and Defley (a lawyer and a witness) with conspiracy to commit extortion against the district attorney.
The court of appeal stated, in its lengthy opinion, that there were two issues: (1) Did the discharge of the grand jury violate any "affirmative duty" owed by defendants? (2) Did the district attorney violate any "affirmative duty" in charging Elliott and Defley with conspiracy to commit extortion?
In answering these questions, the court of appeal inquired whether there was "legal cause" to discharge the grand jury.
The "legal cause" found by the court of appeal was the "taint" of the grand jury because of the unsolicited receipt of a letter prepared by a lawyer who had testified in the investigation. The letter suggested: that the family of the district attorney had illegally obtained oil properties of the parish years ago; that civil litigation would take too long; and that the family might be convinced to return the property if they were indicted.
The court of appeal was in error in reversing the trial judge.
The grand jury was under a specific statutory duty to "return its report on all offenses and matters presented or pending before it." C.Cr.P. 415.2. It twice voted to report the questioned indictments as true bills. It was prevented (charged the indictments) from returning the indictments by the defendants. No malfeasance case has been found which holds that it is not a crime to wrongfully prevent another from performing a statutory duty.
The grand jury was discharged before its term ended and before it had completed its work. Defendants knew the quandary the foreman, Elliott, was in, with the unsigned indictments, and refused to assist him. The district attorney filed a false motion to discharge the grand jury, and the judge, knowing it was false, granted it.
Even if it could be said that this grand jury was "tainted" (to use a word never before applied to a grand jury in this state), there is no provision in law to support its premature discharge.
First: The grand jury is under a duty to investigate crimes and to act on all information which comes to its attention. According to the redactor of the Code of Criminal Procedure, "... the grand jury may investigate a crime and return a true bill on its own initiative ... It is expressly stated in Art. 437." C.Cr.P. 444, Comment (e). Such authority is not peculiar to Louisiana. See M. Frankel and G. Naftalis, The Grand Jury: An Institution on Trial 107-116 (Hill and Wang 1977).
Second: No case from any jurisdiction has been found or suggested involving the discharge of a grand jury because of "taint."
Third: This is the fourth time the question of the premature discharge of the grand jury has been before this court. On each earlier occasion, we held that the conduct of the district attorney, either as alleged by the attorney general or as detailed in testimony of witnesses, constituted cause to supersede him, and that this indictment in this case was based on the same allegations, evidence and facts previously found by Judge Bailes, who had been appointed to hear these matters.
Specifically, these issues were before us in May, 1981, February, 1982 and September, 1982.

May, 1981 Ruling
After Judge Leon discharged this special grand jury on February 18, 1981, the attorney general brought an action to supersede the district attorney pursuant to La. Const. Art. 4, § 8(3). The other district judge sustained the district attorney's exception of no cause of action, and the attorney *748 general sought writs here. We unanimously granted writs, reversed and remanded, saying:
"The attorney general has alleged facts which, if proven, would establish cause for the district court to authorize him to institute and prosecute criminal actions and proceedings and to supersede the district attorney in criminal actions.* La. Const. art. 4, § 8(3)(a) and (b). If the district attorney, in fact, wrongfully thwarted the additional grand jury's attempt to return indictments against him or any other person, caused the grand jury to be prematurely discharged to prevent it from returning indictments, or filed charges against members of the grand jury as punishment or to prevent the return of indictments, the attorney general should be given this authority as necessary for the assertion and protection of the state's rights and interests in the matters under investigation by the additional grand jury or which have arisen therefrom. Accordingly, the trial court's rulings sustaining the exceptions of no cause of action are set aside and the case is remanded for a hearing after which the district court shall make findings of fact and conclusions of law with regard to the issues raised by the attorney general's allegations. If any of the particular allegations of grand jury interference are true, the district court shall immediately authorize the attorney general to (1) institute and prosecute, or to intervene in any proceeding, as he may deem necessary for the assertion or protection of the rights and interests of the state in the matters under investigation by the additional grand jury or any other matters arising therefrom; (2) supersede the district attorney in any criminal action resulting from the activities of the additional grand jury, including any prosecutions against members of the grand jury; (3) request, in accordance with Louisiana Code of Criminal Procedure article 415.1, the court to order an additional grand jury to be empanelled for the purpose of inquiring into any offenses with respect to which the attorney general is authorized to institute, prosecute or intervene in criminal actions or proceedings or related to those in which the attorney general is authorized to supersede the district attorney...." (Emphasis added).
*"FOOTNOTE

The Attorney General's first amending and supplemental motion contains allegations including, in accordance with an affidavit filed by the foreman of the Additional Grand Jury, the following: That the extended term of the Additional Grand Jury was to expire on February 19, 1981; that on February 17, 1981 the members of the Additional Grand Jury voted to indict District Attorney Leander H. Perez, Jr. and Delta Development Corporation on the charge of theft from the Parish of Plaquemines and various governmental agencies thereof; that the foreman of the grand jury, believing it would be necessary to have the indictment filed by someone authorized to institute criminal prosecutions, informed District Attorney ad hoc Giles J. Duplechin, Assistant District Attorney Frank Klein, and District Judge Eugene Leon of the impending indictments and requested assistance of these officials; that Judge Leon advised the foreman to adjourn the Additional Grand Jury for the day and further advised that he would arrange a conference for the following morning; that on the morning of February 18, 1981 the foreman learned that the Additional Grand Jury had been discharged, on motion filed by District Attorney Perez and granted by District Judge Leon, without any inquiries by Judge Leon of any matters to be reported upon; and that immediately thereafter the foreman learned that District Attorney Perez had filed a bill of information charging the foreman with conspiracy to commit extortion."
For reasons unknown to us, the order was not publishedonly the fact that we granted the writ. See In re the Matter of Attorney General William J. Guste, Jr., *749 Superseding the District Attorney of the Twenty Fifth Judicial District, 401 So.2d 967 (La.1981). Later that order of May, 1981 was published on October 11, 1984 at 454 So.2d 806 (La.1981).

February, 1982 Ruling
In February, 1982 Judge Bailes, after an evidentiary hearing, decided that the attorney general should supersede the district attorney. Judge Bailes made written findings of fact which do not depart from those of the court of appeal in the instant case, and made conclusions of law as follows:
"From the above enumerated findings of fact, this court concludes that the action of the district attorney, Leander H. Perez, Jr., in causing the dismissal of the additional grand jury was an illegal interference with the function of the additional grand jury and that it was a calculated and deliberate attempt, effort and action on his part to thwart the action of the legally constituted additional grand jury of Plaquemines Parish and to prevent the return of indictments against him and Delta Development Company, Inc., the latter of which he, the district attorney, was a principal stockholder.
This action was taken by District Attorney Leander H. Perez, Jr., with full knowledge that the said motion contained false assertions of fact and knowing full well that the additional grand jury had, in fact, voted indictments as above set forth.
Further, at the time this action was taken by the district attorney he was consciously aware of and had full knowledge of the fact that he had previously recused himself from investigations by the additional grand jury into matters involving his brother, Chalin O. Perez.
Finally, this court concludes that the action of the district attorney in charging the additional grand jury foreman, James Elliott, with the crime of conspiracy and extortion was specifically designed and effected for the purpose of punishing him for his participation in the additional grand jury investigation and action and for attempting to return the above mentioned indictments."
This court, on the application of the district attorney, denied writs in No. 82-0-0606. See In re Superseding of District Attorney of Twenty-Fifth Judicial District, 411 So.2d 469 (La.1982).

September, 1982 Ruling
Then, in September, 1982, in this case, on the representation of the district attorney that the malfeasance charges were essentially the same matters previously decided by Judge Bailes, we granted the writ in part, and appointed Judge Covington to hear the case. On another motion to quash, he held an evidentiary hearing giving the defendants full rein, and then denied the motion.
The court of appeal granted defendants' writ and held, on the same evidence, that the taint of this grand jury was sufficient to relieve defendants of their affirmative duty to allow the grand jury to present its report.[1] It quashed the bill of information, and remanded the case to the trial court (to discharge the defendants?).

Conclusion
The state has not yet been put to the burden of proving defendants' guilt. The only issues have been whether the defendants were charged with an offense. Three times we have found that the charges and the evidence constituted offenses. The factual evidence adduced on the motion to suppress is not disputed. A jury might find defendants not guilty because the conduct of defendants was justifiable, as suggested by one of the defendants.
*750 But justification is a defensea jury question. It cannot be decided on appeal. It can only be decided by a jury. We hold, once more, that the accusations constitute crimes, and the defendants should be triednot dismissed on motions to quash.
NOTES
[*] Judge William Norris, III, sitting ad hoc for Justice Watson, recused.
[1] James Elliott was the foreman of an additional grand jury which was investigating corruption in Plaquemines Parish. Joseph Delfey had been a witness before the grand jury and had a letter, which was to be a "continuation of his testimony", delivered to Elliott's home on Sunday, February 15, 1981. On the next Tuesday, Elliott asked the court reporter to attach a copy of Defley's letter to the daily transcripts of the grand jury proceedings. The charge of extortion was based on the theory that this letter was an attempt to solicit indictments of Leander Perez in order to gain concessions with Delta Development.
[2] The court of appeal justified their deviation from the proper scope of review because the state did not object to the admission of evidence concerning the defenses at the hearing on the motion to quash. The State argues that it did object to the admission of the evidence. In any event, this matter need not be resolved by us as the Court of Appeal should not have deviated from the proper scope on review.
[3] La.C.Cr.P. art. 415.2 states:

Grand juries impaneled in accordance with Article 415.1 shall remain impaneled for a period not to exceed one year unless discharged sooner by the court upon motion by the district attorney. Provided, however that prior to discharge of a grand jury by the court, a grand jury shall return its report on all offenses and matters presented or pending before it as authorized by the provisions of Article 444. Upon the request of the district attorney, the court may extend this time limit for an extra six months. (emphasis added)
[4] La.R.S. 15:117 states:

§ 117. Discharge of grand jury; review of discharge by supreme court.
Upon being discharged for legal cause, the discharged grand jury or any of the discharged members may make applications for review directly to the supreme court. Such application must be made within two days from the date that the district judge ordered a discharge for legal cause, and shall be taken up by the supreme court, by preference, immediately over all other matters.
If, after the discharge by the district judge is ordered, application is made by the discharged grand jury or any of the discharged members as prescribed by law said grand jury or the members making application shall serve as before; and should the supreme court affirm the order of discharge or deny the application of the grand jury or any of its members, the validity of indictments shall be in no wise be affected because they were brought in by the grand jury between the time that the district judge ordered a discharge for legal case of the grand jury or any of its members and the time that the supreme court affirmed the order or denied the application.
Within two days after the order of the district judge discharging for legal cause, the grand jury or any of its members, is affirmed by the supreme court, or becomes final, the district judge shall make the necessary appointments to fill vacancies caused thereby as prescribed by law.
[5] Allegations in a bill of information which do not charge an offense under a valid statute may be regarded as unnecessary and rejected as surplusage. La.C.Cr.P. art. 486; State v. Scheuering, 226 La. 660, 76 So.2d 921 (1954). The validity of this bill of information is not affected if this portion of the bill of information is excised because without the unnecessary allegations the bill still charges an offense. State v. Scheuering, supra.
[1] I was the sole dissenter in Passman, but I now agree that the court was correct in choosing a narrow construction of the legislative intent.
[2] Of course, the Legislature, in response to a judicial decision narrowly construing a statute, may redefine the criminal provisions to broaden the scope and to include thereby additional specific forms of misconduct. However, this court is expressly prohibited from extending the scope of criminal statutes by analogy. La.R.S. 14:3.
[3] An example of charging a public official with malfeasance for failing to perform a specific duty expressly defined by the Legislature is State v. Coody, 448 So.2d 100 (La.1984). In that case, a sheriff was charged with malfeasance for an allegedly intentional failure to notify the district attorney of the booking of certain persons, as expressly required by La.C.Cr.P. Art. 229.
[1] This case differs from State v. Passman, 391 So.2d 1140 (La.1980). Defendant Passman did not prevent another body from performing a duty imposed upon it by law. The duty of the district attorney to advise the grand jury and assist it to return the indictments it finds is not only statutory (C.Cr.P. 64, 415.2), but it is inherent in the nature of the office. Further, as Assistant District Attorney Klein recognized, the district attorney was required to recuse himself for "personal interest in the cause." C.Cr.P. 680.