WILLIAMS, Judge.
This criminal appeal asks whether a district attorney[1] under LSA-C.Cr.P. art. 680(1), has a mandatory duty to recuse himself from the prosecution of a case when the district attorney has a personal interest in the case because he is a member *10 of the board of directors and is a one percent or less shareholder of the victim bank. The answer to this issue is provided in State v. Perez, 464 So.2d 737 (La.1985) which states that LSA-C.Cr.P. art. 680 when considered along with art. 681 does not impose a mandatory duty of recusal on the district attorney under such circumstances. Accordingly, we find that the trial court properly denied defendant’s motion in arrest of judgment[2] and/or motion for new trial which are based upon the fact that the district attorney did not recuse himself but only informed defendants of his personal interest in the cause. Article 680 merely sets forth the optional circumstances under which the district attorney may file a recusal motion and the circumstances which obligate the trial court to grant a motion for recusal, it does not mandate that the district attorney recuse himself.
Defendants, Alberto Valdez and Josefa Figueras, were charged on January 14, 1987, by bill of information, with theft of $97,696.50. The defendants had opened a merchant’s bank account at Peoples Bank & Trust Co. in Chalmette, under the name of their business, Precision Casting Dental Lab. Then defendants allegedly forged credit card slips and deposited the gains into their business account at Peoples Bank & Trust and later withdrew large sums from this account with checks payable to defendants personally.
On April 2, 1986 both defendants were arrested in Miami, Florida by the United States Secret Service. Having waived extradition, they returned to Louisiana for prosecution and were arraigned on February 9, 1987 and pled not guilty.
At that time, David Craig was representing the defendants and Glenn Diaz, Assistant District Attorney, was handling the prosecution of the case for the St. Bernard Parish District Attorney’s Office. As is his custom, Jack F. Rowley, District Attorney for the Parish of St. Bernard, instructed Diaz to inform Craig that he, Rowley, 1) had a less than one percent interest in Peoples Bank & Trust Co. and 2) was on the Board of Directors of that bank. Accordingly, at the preliminary examination, where defendants were present, Diaz conveyed Rowley’s message and informed Craig that if defendants had a problem with Rowley’s connexity, Rowley would re-cuse himself and another district attorney’s office would prosecute the case. Craig then assured Diaz that he preferred that the St. Bernard district attorney’s office continue to prosecute the case.
Thereafter, Craig withdrew from the case and was replaced by Gregory Duhy. Diaz also told Duhy about Rowley being a member of the victim bank’s board of directors as well as being one of its shareholders. In fact, at the hearing on the post-trial motions, Duhy admitted that due to this information, he had considered filing a motion to recuse, but had opted against it.
After a jury trial on July 9, 1987, defendants were found guilty as charged. On September 14, 1987, however, the trial court set aside the verdict and granted defendants’ motion for new trial. Defendants waived trial by jury and after a two-day bench trial, the trial court found defendants guilty as charged on March 16, 1988. Defendants then filed a second motion for new trial and/or arrest of judgment. Defendants’ post-trial attorney, Nelson Burch-field, based these motions on Rowley’s failure to file a motion to recuse. The trial court denied the motion on April 28, 1988 and defendants sought writ of certiorari and/or review from this court which was denied on May 6, 1988. Defendants were then sentenced on May 16, 1988 to serve six years at hard labor with credit for time served and ordered to pay court costs or to serve an additional sixty days in default. Error Patent Review
Defendants’ record was reviewed for errors patent, but no errors were found. Assigned Error
Defendants’ sole claim is that the trial court erred in denying defendants’ motion *11 in arrest of judgment and/or motion for new trial because defendants were prosecuted by the office of the St. Bernard Parish District Attorney when the District Attorney is a member of the board of directors and a shareholder in the victim bank. The State, through the St. Bernard Parish District Attorney’s office, counters this claim by asserting that defendants have not shown any prejudice because of Rowley’s connection with the victim bank and, nevertheless, defendants have waived their right to raise this claim because the District Attorney’s office informed defendants about the connection prior to trial yet defendants never filed a motion to recuse. However, as we find the language of State v. Perez, 464 So.2d 737 (La.1985) issue determinative, we find defendants’ assertions are meritless. Accordingly, we affirm the post-trial motion judgments.
The issue of whether a district attorney has a mandatory duty to recuse himself whenever he has a personal interest in a cause was put to rest in State v. Perez, supra. Therein, the Supreme Court stated that LSA-C.Cr.P. art. 680[3] does not impose an express duty on the district attorney to recuse himself; rather, it merely sets forth the circumstances in which the district attorney may be recused. 464 So.2d at 744. In fact, the court went so far as to state that the district attorney has the option, not a duty, to recuse himself whenever he has a personal interest in a case. LSA-C.Cr.P. art. 681; 464 So.2d at 744.[4] Thus, while it may be preferable for a district attorney to recuse himself voluntarily whenever clear grounds for recusal present themselves, there is no requirement in the law that he do so.
Nonetheless, while the language of LSA-C.Cr.P. arts. 680 and 681 provides the district attorney with the option of recusal, we do not believe that it provides him with a concomitant option of whether to inform the defendants of the recusal grounds or not, as the onerous burden of having to ferret out the personal or conflicting interests which a district attorney has with the case should not be borne by a defendant. Instead, because he is an officer of the court, the district attorney’s duty to perform his obligations impartially require that he make a timely disclosure to defendants of his conflicting interests or recusal grounds and that its discovery not be a fortuitous event.[5]
Herein, Rowley fully discharged this duty of disclosure so that there was no undermining of the judicial process. Row-ley required his assistant district attorney to inform defendants of the full extent of his personal interests in the case. Accordingly, Diaz informed Craig at the preliminary examination, where defendants were *12 present, of Rowley’s being a member of the victim bank’s board of directors and of his being one of its shareholders. Thereafter, Craig made a knowing and tactical decision to have the St. Bernard Parish District Attorney’s office continue with the prosecution. Then when Duhy replaced Craig, Diaz once again informed defense counsel of Rowley’s connections with the victim bank.
Consequently, as we are constrained to follow State v. Perez which states that article 680 sets forth the circumstances in which the district attorney may opt to re-cuse himself, we find defendants’ assignment of error is meritless. The office of-the district attorney faithfully informed defendants of Rowley’s personal interests, which discharged the district attorney’s duty to inform defendants of the grounds for his recusal. Thus, with their 20/20 hindsight, defendants shall not be heard to complain of the results of their tactical decision to not file their own recusal motion, and to remain with prosecution by the St. Bernard Parish District Attorney’s Office.
Accordingly, we affirm the trial court’s ruling which denied defendants’ Motion for New Trial and Motion in Arrest of Judgment and we affirm defendants’ conviction and sentence. All costs are assessed against defendants.
AFFIRMED.

. Recusation of a district attorney, recuses his assistants. State v. Cox, 246 La. 748, 167 So.2d 352 (1964).

. A district attorney’s failure to recuse himself is not one of the grounds specified in LSA-C.Cr.P. art. 859 as a defense that may be asserted in a motion to arrest.

. LSA-C.Cr.P. art. 680 states:
Art. 680. Grounds for recusation of district attorney.
A district attorney shall be recused when he:
(1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice;
(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, or to a party who is a focus of a grand jury investigation, to such an extent that it may appreciably influence him in the performance of the duties of his office; or
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.

. But see the concurring opinion of Dennis, J., wherein he states that "an intentional failure of a district attorney to recuse himself when he knows of the existence of clear grounds for his recusal under the recusal statute constitutes malfeasance, because his continued perform-anee as a district attorney is plainly not a faithful and impartial performance of his duty as requested by his oath of office.” 464 So.2d at 745, citing LSA-Const. art. 10, § 30; LSA-C. Cr.P. arts. 860, 861.

.Because we find that a district attorney has an obligation to divulge to a defendant the conflicting interest or recusal grounds that he has with a case, we offer the following precatory guidelines to prevent allegations that the district attorney has breached this duty of disclosure: 1) A member of the district attorney’s office should fully disclose to the court, on record, either orally or in writing, the nature of the conflicting interest. 2) This disclosure should be made during the initial stages of the proceedings against defendant, preferably at the arraignment or a reasonable time thereafter. 3) Defense counsel of record should receive timely written notice of both the substance and nature of the disclosure(s) made to the court.