BYRNES, Judge.
Defendants Eric Hessler and Jerome La-violette were charged by bill of information on April 17,1989 with malfeasance in office in violation of La.R.S. 14:134. Defendants pleaded not guilty and filed a bill of particulars. After the State answered the bill of particulars, defendants moved to quash the bill of information. On July 10, 1989, the State amended the bill of information; but on that date, the trial court granted the motion to quash which the State now appeals. We affirm.
The bill of information, as amended, charged on January 1, 1989 that defendants:
“did commit malfeasance in office in that they, [defendants], duly appointed officers of the New Orleans Police Department, did willfully and intentionally fail to perform their duty required as public officers by failing to insure that the health and welfare of HARRY SUMMERS, an arrested subject in their custody, was properly maintained, and thereby resulting in a battery being committed upon HARRY SUMMERS....”
Defendants filed a bill of particulars requesting what statute or provision of law delineated the affirmative duty of defendants to insure the health and welfare of an arrested subject in their custody. The State responded by citing the N.O.P.D. Operations Manual, Performance of Duty section, Rule 4(C)(1)(9) and Arrested Subjects-Transportation section, Field Standard Operating Procedural (FSOP) Number 31.0, Part 2. The State also cited La.Const. Art. 10, Sec. 30, R.S. 14:24 and 14:34, the N.O. P.D. Oath of Office and the Home Rule *97 Charter of the City of New Orleans, Chapter 5, Section 4-501.
The first provision cited by the State, Rule 4(C)(1)(9) provides that failing to take appropriate and necessary police action to insure that the health, welfare and property of a prisoner is properly maintained while in individual custody should be considered neglect of duty. FSOP No. 31.0, Part 2 provides that the officer’s primary responsibility shall be the safety of the prisoner when transporting the prisoner. Section 4.501 of the Home Rule Charter provides that the Department of Police shall, among other things, maintain peace, protect life, property and all other rights and liberties, and do and perform all other lawfully assigned acts.
Defendants filed a motion to quash the bill of information, which the trial court granted because both the bill of information and answer to the bill of particulars did not legally charge defendants with malfeasance in office.
In its sole assignment of error, the State complains the trial court erred in granting defendant’s motion to quash the bill of information. When ruling on a motion to quash the trial court must determine whether the facts set forth in the bill of particulars, along with the indictments, are sufficient to constitute a crime; and the State is limited in its proof to the facts recited in the bill of particulars. State v. Huguet, 369 So.2d 1331 (La.1979); State v. Heymann, 256 La. 18, 235 So.2d 78 (1970). The trial court must accept as true the facts contained in the bill of information and the bill of particulars. State v. Perez, 464 So.2d 737 (La.1985).
In Perez, the Supreme Court stated:
Before a public official can be charged with malfeasance in office, there must be a statute or provision of law which delineates an affirmative duty upon the official. State v. Passman, 391 So.2d 1140 (La.1980). The duty must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges. Id, 464 So.2d at 741.
The State focuses on Chapter 5, Section 4-501 (7)(8) of the New Orleans Home Rule Charter, the New Orleans Police Department oath of office, and the New Orleans Police Departments Manual, Performance of Duty Rule 4(c)(l)(9).
The cited provisions of the Home Rule Charter do not specifically create an affirmative duty on the part of the defendants to protect the health and welfare of the arrested subject in their custody.
Likewise the oath of office sworn by the defendants can not be deemed the source of their duties as police officers. This case differs from Perez in that those defendants had an express affirmative duty, by virtue of their oaths of office, not to obstruct the Grand jury’s performance of its positive duties imposed on it by law. State v. Perez, 464 So.2d 737.
The New Orleans Police Department Operations Manual, Performance of Duty Rule 4(c)(l)(9), “failing to insure that the health, welfare and property of a prisoner is properly maintained while in individual custody,” deals with neglect of duty, not with an affirmative duty. Also, the language is vague in that it fails to inform the officer of “exactly what is expected of him” and “what will subject him to criminal charges.” Id. 464 So.2d at 741. “In absence of any express requirement of him in his official capacity, he cannot be charged with refusing or failing to perform a .“duty lawfully required of him.” State v. Passman, 391 So.2d at 1144.
Hence, none of the provisions of law relied upon by the State delineate an affirmative duty requiring of defendants to insure the health and welfare of an arres-tee in their custody for a charge of malfeasance in office.
For the foregoing reasons, the trial court is affirmed.
AFFIRMED.