Dear Chief Thompson:
Your request for an Attorney General opinion concerning the authority and jurisdiction of levee district police has been forwarded to me for research and reply. This opinion should be read in conjunction with A.G.O. No. 93-719 recently released to your office which addresses similar issues.
You asked the following questions:
 1. Do Levee District Police have primary responsibility for investigating all crimes and motor vehicle accidents that occur on a levee or property that is under the control of the Levee District?
 2. Can Levee District Police, as commissioned peace officers, be held criminally liable for failing to act on any crime that occurs in their presence within their jurisdiction?
 3. Can a Levee District's Board of Commissioners restrict or prohibit the authority of the Levee District Police in enforcing or investigating all criminal law violations on their levees? If so, can the board restrict what a Levee District Police Officer can enforce?
In response to your first question, La. R.S. 38:326(A) provides:
 Those persons who are designated levee district or levee and drainage district police officers in accordance with this Section are responsible for maintaining order and exercising general police power on and off the levees, within the area of the levee district or levee and drainage district, and upon its surrounding waters. (emphasis added).
Section (A), therefore, suggests that levee district police have primary responsibility for the investigation of crimes and motor vehicle accidents occurring within their jurisdictions. However, see A.G.O. No. 93-719, wherein we said that investigatory powers of levee police do not extend outside of their jurisdiction.
In response to your second question, La. R.S. 38:326(A) provides that levee district police "are responsible for maintaining order and exercising general police power on and off the levees, within the area of the levee district" and that the levee district police, as commissioned peace officers, must faithfully perform their duties. La. R.S. 14:134 defines the crime of malfeasance in office as follows:
Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
 Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
 Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
Levee district police officers, as public employees, may be prosecuted under this statute, however, Louisiana jurisprudence requires that the underlying duty which a public employee has refused or failed to perform must be an affirmative duty delineated by a specific statute or provision of law. State v. Perez, 464 So.2d 737 (La. 1985).
In response to your third question, a levee district board of commissioners has sole discretion as to whether or not to employ levee police for its district, as provided by La. R.S.38:326(A), which states: "Any levee district . . . may, at the discretion of its boards of commissioners, employ . . . police officers." These officers are commissioned as peace officers by the Department of Public Safety and Corrections.
La. R.S. 38:326(A) does not specifically address the extent of the enforcement and investigatory powers of the levee police, however, it does provide that levee district police officers "are responsible for maintaining order and exercising police power . . . within the area of the levee district. . . ." (emphasis added). La. R.S. 38:326(A) provides: "These police officers shall have the right to exercise the power of arrest as peace officers, according to law, within the area of jurisdiction as provided herein." The initial decision of whether or not to employ levee district police officers rests with the levee board of commissioners. Thereafter, however, it does not appear that a levee board of commissioners may limit the statutory authorization of police powers provided for these officers.
I hope this opinion has adequately answered your questions. If our office can be of further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: DONALD W. NORTH Assistant Attorney General