563 So.2d 459 (1990)
STATE of Louisiana
v.
William S. "Corky" PERRET.
Nos. 89 KA 0954, 89 KW 0074.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*461 Douglas H. Greenburg, Dist. Atty., Houma, for plaintiff and appellant.
Risely C. Triche, Napoleonville, for defendant and appellee.
Before COVINGTON, C.J., WATKINS, J., and DOHERTY,[*] J. Pro Tem.
LEWIS S. DOHERTY, Judge Pro Tem.
Defendant, William S. "Corky" Perret, was charged in a single grand jury indictment with five counts of malfeasance in office (counts one through five) and one count of public intimidation, violations of LSA-R.S. 14:134 and 122, respectively. After entering not guilty pleas to each of the charges, defendant filed several motions to quash the indictment as set forth below.
On August 15, 1988, defendant filed a motion to quash the indictment on the basis of improper venue as to each of the six counts in the indictment. Thereafter, on October 6, 1988, defendant filed two other motions to quash the indictment. In one of those October 6 motions, defendant claimed that the indictment contained disjunctive and alternative allegations and charges which violated his constitutional right under La. Const. Art. I, § 13, to be informed of the nature and cause of the accusations against him. In the other October 6 motion, defendant claimed that counts one and two constituted only one offense, that counts three, four and five constituted another single offense and that prosecuting him for both counts one and two and/or for each of counts three, four and five would deprive him of his state and federal constitutional protection against double jeopardy.
At a hearing conducted on October 14, 1988, which addressed those motions, the district court quashed all counts of the indictment, except count one. Thereafter, on October 31, 1988, defendant filed another motion to quash, alleging the unconstitutionality of LSA-R.S. 14:134 and the failure of the indictment, together with the state's answers to defendant's request for a bill of *462 particulars, to charge an offense punishable under a valid statute. Subsequently, on December 6, 1988, the district court conducted a hearing in regard to the October 31 motion and, at that time, denied the motion.
Through the instant appeal (KA 89 0954), the state seeks review of the district court's rulings which resulted in the quashing of counts two through six. Defendant filed an application for supervisory writs (KW 89 0074) pertaining only to the denial of his October 31 motion to quash by which the district court refused to quash count one, the sole remaining count in the indictment. This Court consolidated the writ application[1] and the state's appeal.
In its appeal, the state urges three assignments of error:
1. The district court erred by granting defendant's motion to quash count two of the indictment on the ground of double jeopardy.
2. The district court erred by consolidating counts three, four and five into one count, count three, on the ground that the conduct charged in each of the consolidated counts was part of the same transaction.
3. The district court erred by granting defendant's motion to quash the consolidated count three and count six on the ground of improper venue.
In his writ application, defendant urges two assignments of error:
1. The district court erred by denying defendant's motion to quash the indictment on the ground that the malfeasance in office statute (LSA-R.S. 14:134) is unconstitutionally vague and indefinite.
2. The district court erred by denying defendant's motion to quash the indictment on the ground that the indictment, together with the state's answers to defendant's request for a bill of particulars, failed to charge a crime punishable under a valid statute.
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i.e., those matters which do not go to the merits of the charge. See LSA-C.Cr.P. arts. 531-534. It is treated much like an exception of no cause of action in a civil suit. State v. Perez, 464 So.2d 737, 739 (La.1985) (citations omitted).
In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars and determine, as a matter of law and from the face of the pleadings, whether or not a crime has been charged. State v. Perez, 464 So.2d at 739. While evidence may be adduced, such may not include a defense on the merits.[2]Id. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. See Id. at 740 (citations omitted).
LSA-R.S. 14:134 provides, in pertinent part, as follows:
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
* * * * * *
Before a public officer or employee can be charged with malfeasance in office under LSA-R.S. 14:134, there must be a statute or provision of law which delineates an affirmative duty upon the officer or employee. Id. at 741. The duty must be expressly imposed by law upon the officer or employee because he is entitled to know exactly what conduct is expected *463 of him in his official capacity and what conduct will subject him to criminal charges. Id. When a public official takes the oath of office pursuant to LSA-Const. Art. X, § 30, swearing to uphold the laws of Louisiana, that oath imposes upon him a specific duty not to obstruct or interfere with the execution of those laws. Id. at 742.
In charging counts one through five, the indictment (as amended) began with a charge that, in committing each of the charged offenses of malfeasance in office, defendant had refused and failed to perform duties lawfully required of him as a public officer (assistant secretary) of the Department of Wildlife and Fisheries and had instructed and permitted other public officers and employees of the Department under his authority to fail to perform "duties lawfully required." The indictment then set forth additional allegations relating to counts one through five as follows:
(1) As to count one, that defendant, "knowing and having reason to believe" that Lawrence Verdin, captain of the M/V "Little Sarah" possessed undersize oysters in excess of that allowed by LSA-R.S. 56:433, instructed agents Allen Galloway and Darryl Champagne not to issue Department of Wildlife and Fisheries offense citations to Verdin for possession of oysters in violation of LSA-R.S. 56:433.
(2) As to count two, that after having instructed Galloway and Champagne not to issue the citations to Verdin, defendant failed to instruct Agents Galloway and Champagne to confiscate the remaining oyster cargo aboard the M/V "Little Sarah" or to instruct the agents to take action to investigate the remaining oyster cargo so as to insure that unlawful amounts of undersize oysters were not being possessed illegally.
(3) As to counts three, four and five, that defendant unlawfully instructed Rocky Hinds, an officer of the Department of Wildlife and Fisheries, not to process for purposes of prosecution three citations for violation of the undersize oyster provisions of LSA-R.S. 56:433. The indictment then specifically identified each of those offense citations, designating count three as relating to citation no. 73727 issued to Albelardo Carbajal on September 10, 1987; count four as relating to citation no. 73729 issued to Lawrence Verdin on September 10, 1987; and count five as relating to citation no. 73731 issued to Paul K. Billiot on September 12, 1987.
Finally, in regard to the offense of public intimidation, the indictment charged in count six that, between September 10, 1987, and November 1, 1987, with the intent to influence the conduct of Rocky Hinds as a public officer or public employee, defendant committed public intimidation by threatening to transfer Hinds to another employment position at the Grande Terre Marine Lab of the Department, because of Hinds' objections to defendant's decision not to file the three citations.
In the state's answers to defendant's motion for bill of particulars and motion for supplemental bill of particulars, the state alleges that the duties lawfully required of defendant are contained in (1) La. Const. Art. X, § 30, which prescribes an oath of office to support the constitution and laws of the United States and this state, and to faithfully and impartially discharge and perform all the duties attendant thereto; (2) LSA-R.S. 36:602 B, providing, in part, that the Department of Wildlife and Fisheries, through its offices and officers shall control and supervise all wildlife, including fish, and execute the laws for the control and supervision of programs relating to the management, protection, conservation, and replenishment of such wildlife, and that the Department shall also exercise such powers and perform such functions as required with regard to all other duties delegated by law; (3) LSA-R.S. 36:608 D, which states that each assistant secretary of the Department shall exercise all powers and authority granted to him in Title 36 of the Louisiana Revised Statutes subject to the overall direction and control of the secretary; (4) LSA-R.S. 36:609 C, which provides, in part, that the Office of Coastal and Marine Resources shall perform the functions of the state relating to the administration, operation and law enforcement of programs relating *464 to oysters, including but not limited to the regulation of the oyster fishing industry, and the establishing and maintaining of oyster seed grounds; (5) LSA-R.S. 56:3 B, providing, inter alia, that all oysters and parts thereof and all oysters in the shells after being caught, shall not be taken, sold, or possessed except as otherwise permitted in Title 56 of the Louisiana Revised Statutes; (6) LSA-R.S. 56:313, providing, inter alia, that the Department of Wildlife and Fisheries shall enforce the provisions of law regulating fish having a game or commercial value in this state; (7) LSA-R.S. 56:433 A, providing, inter alia, that all oysters, taken from natural reefs of the state measuring less than three inches from hinge to mouth shall be immediately replaced and scattered upon the reefs from which taken, that no person shall have in his possession off the natural reefs any natural reef oysters which were not taken in accordance with the provisions of Subpart D of Part VII of Chapter I of Title 56 (LSA-R.S. 56:422-451), and that any excess of over five percent of dead shells and undersize oysters in any cargo lot of oysters shall be considered a violation of Subpart D such that any officer of the Department may cause all or part of the cargo or lot of oysters to be counted to determine the percentage; and (8) LSA-R.S. 56:434 F, which provides that the Department shall establish and maintain an adequate and vigilant watch and control over oyster seed grounds and reservations, and ensure that all oysters found or placed thereon are efficiently protected from trespass, theft, or injury.
The state also alleges in its answers to the requests for a bill of particulars that the duties lawfully required of Allen Galloway, Darryl Champagne and Rocky Hinds were those same duties lawfully required of defendant.
Stripped of its nonessential language and paraphrased, the indictment can reasonably be read as stating the following:
Count one: Defendant committed malfeasance by instructing Galloway and Champagne not to issue citations to Captain Verdin of the M/V Little Sarah for possession of undersize oysters in violation of LSA-R.S. 56:433.
Count two: Defendant committed malfeasance, after instructing Galloway and Champagne as alleged in count one, by failing to instruct them to confiscate the remaining oyster cargo aboard the M/V Little Sarah or to investigate the remaining oyster cargo.
Counts three, four and five: Defendant committed these three counts of malfeasance by instructing Rocky Hinds not to process for prosecution purposes three offense citations for violations of LSA-R.S. 56:433.
Count six: Defendant committed public intimidation by threatening to transfer Rocky Hinds to the Department's Grande Terre Marine Lab with the intent to influence Hinds' conduct as a public employee.

DOUBLE JEOPARDY
In its assignment of error number one, the state contends that the district court erred by granting defendant's motion to quash count two on the ground of double jeopardy. In its assignment of error number two, the state claims that the district court erred by consolidating counts three, four and five into a single consolidated count three, on the ground that the conduct charged in each of the consolidated counts was part of the same transaction. The state argues that the allegation in each of the counts constitutes a separate crime.
The federal and state constitutions both provide that no person shall twice be put in jeopardy of life or liberty for the same offense. U.S. Const.Amend. V; La. Const. Art. I, § 15. The double jeopardy clause protects the accused against multiple punishment for the same offense as well as a second prosecution for the same offense after acquittal or conviction. State v. Coody, 448 So.2d 100, 102 (La. 1984) (citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)).
The record reflects that, in quashing count two, the district court stated the following:

*465 I don't know if it's double jeopardy or duplicity but I just can't distinguish Count 1 from Count 2 I guess. And I don't think it's adequate to charge Mr. Perret with any violation under Count 2 as worded. So I think it's encompassed within Count 1 so I'm going to strike Count 2.
Thereafter, in regard to its ruling consolidating counts three, four and five into one consolidated count three, the district court reasoned that under the facts alleged by the state there had been only one instruction from defendant to Hinds not to process all three offense citations referred to in counts three, four and five. Thus, the court concluded there could be but one act of malfeasance as a result of that one instruction.
We conclude that, even assuming arguendo that count two charged a crime under LSA-R.S. 14:134, both the crime charged in count two and in count one would have constituted a single offense involving one course of criminal conduct rather than separate and distinct offenses. Similarly, we find that counts three, four and five charged a single offense involving one course of criminal conduct, i.e., a single communication by defendant instructing Hinds not to process the three offense citations. The instant situation is, thus, clearly distinguishable from the circumstances present in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and State v. Joles, 492 So.2d 490 (La.1986), cert. denied, 479 U.S. 1056, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987), each of which involved the commission of separate, distinct criminal acts by a defendant.[3] Thus, the district court did not err in quashing count two and consolidating counts three, four and five into one count.
The state's assignments one and two are without merit.

VENUE
In its assignment of error number three, the state contends that the district court erred by granting defendant's motion to quash the consolidated count three and count six on the ground of improper venue.
Proper venue is the parish in which the offense or an element of the offense occurred. LSA-Const. Art. I, § 16 (1974); LSA-C.Cr.P. art. 611. Prior to a recent amendment, LSA-C.Cr.P. art. 615 required the state to prove venue beyond a reasonable doubt both at a hearing, if defendant moved to quash, and at trial. State v. Byars, 550 So.2d 876, 878 (La.App. 2d Cir. 1989).
LSA-C.Cr.P. art. 615, as amended by Act 554 of 1988, which took effect on September 9, 1988 and is applicable to the instant proceedings, provides as follows:
Improper venue shall be raised in advance of trial by motion to quash, and shall be tried by the judge alone. Venue shall not be considered an essential element to be proven by the state at trial, rather it shall be a jurisdictional matter to be proven by the state by a preponderance of the evidence and decided by the court in advance of trial.
At the October 14, 1988 hearing, the state and defendant stipulated, as to count one, that defendant was in Jefferson Parish and Galloway and Champagne were in Terrebonne Parish; as to consolidated count three, it was stipulated that the instructions to dismiss the offense citations occurred orally in East Baton Rouge Parish and that there were also communications for Hinds to bring a memorandum with him and go see defendant in Baton Rouge. The state and defendant unsuccessfully attempted to enter into a stipulation pertinent to the venue for count six, whereupon defendant presented the testimony of Rocky Hinds.[4]
*466 Hinds testified that defendant had had a conversation with him in Baton Rouge about a week or two after October 12, 1987 in regard to a transfer to Grande Terre Island. According to Hinds, this was the only communication from defendant that occurred regarding such a transfer. Hinds stated, however, that prior to his meeting defendant in Baton Rouge, defendant had never visited him in Terrebonne, but instead had communicated with him over the "phone, radio or whatever." During these communications, Hinds was in Terrebonne Parish when the subject of the three offense citations "came up."
The only evidence presented by the state at the October 14 hearing was a memorandum dated October 12, 1987 from Hinds to Captain Roy Chauvin of the Department's Enforcement Division. In the memorandum Hinds advised Chauvin that "higher authorities" had asked that the three offense citations not be processed. The memorandum also specifically stated that all of these offense citations involved the harvest of undersize oysters in Bay Junop.
We take judicial notice that Bay Junop is within the territorial boundaries of Terrebonne Parish, a fact of which judicial cognizance may be taken. Compare LSA-R.S. 15:422(6) (repealed, 1988 La. Acts, No. 515 § 8) with LSA-C.E. art. 201 B(2). The duty that defendant is charged with having "refused and failed" to perform was the execution or enforcement of a law in Terrebonne Parish, thus we conclude that the state sufficiently established venue in Terrebonne Parish for consolidated count three. Cf. State v. Breland, 368 So.2d 1089, 1091 (La.1979). The district court erred by quashing consolidated count three on the ground of improper venue.
We now turn to count six, charging public intimidation. The evidence introduced at the October 14 hearing showed that the only communication of the alleged threat occurred in East Baton Rouge; on the basis of that evidence, we find that the state did not prove venue for the charge existed in Terrebonne Parish. Accordingly, the state's assignment three has merit only to the extent that the district court erroneously quashed consolidated count three; in all other respects, the assignment lacks merit.

UNCONSTITUTIONALITY OF LSA-R.S. 14:134
In his assignment of error number one, defendant contends that the district court erred by denying his motion to quash the indictment on the ground that LSA-R.S. 14:134 is unconstitutionally vague and indefinite. Specifically, defendant asserts that the phrases "duty lawfully required of him" and "any such duty in an unlawful manner" are not sufficiently definitive to give an accused adequate notice of what conduct is proscribed and punishable as malfeasance. Defendant submits that the terminology of the statute leaves ordinary persons of reasonable intelligence incapable of discerning what conduct is deemed to be a "duty" under the statute.
The constitutional guarantee that an accused shall be informed of the nature and cause of the accusation against him requires that penal statutes describe unlawful conduct with sufficient particularity and clarity that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. U.S. Const. Amend. XIV, § 1; La. Const. Art. I, §§ 2, 13; State v. Azar, 539 So.2d 1222, 1224 (La.), cert. denied, ___ U.S. ___, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989). In addition, a penal statute must provide adequate standards by which the guilt or innocence of an accused can be determined. State v. Barthelemy, 545 So.2d 531, 533 (La.1989). Under LSA-R.S. 14:3 and 14:7, penal statutes must be narrowly, but genuinely, construed. Id. at 533.
In making his constitutional challenge, defendant limits his challenge to the first paragraph of LSA-R.S. 14:134 which provides, in pertinent part:

*467 Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.

* * * * * *
In construing the words of the challenged statutory provisions, we note that Webster's Third New International Dictionary (1968) defines "lawful," "lawfully," and "unlawful" as follows: (1) "Lawful" means "constituted, authorized, or established by law: rightful." (2) "Lawfully" means "in a lawful manner." (3) "Unlawful" means "not lawful: contrary to or prohibited by law: not authorized or justified by law: not permitted or warranted by law." In our view, the words of the statute, when given a genuine construction according to their fair import, taken in their usual sense in connection with the context and with reference to the purpose of LSA-R.S. 14:134, are readily understandable by an ordinary person of reasonable intelligence.[5]
Accordingly, we hold that the conduct proscribed by the challenged statutory provisions is unambiguous; thus the provisions are not unconstitutionally vague. We are not persuaded by defendant's argument that the decisions in State v. Perez, 464 So.2d 737 (La.1985), and State v. Passman, 391 So.2d 1140 (La.1980) are "evidence" of vagueness.[6] Neither Perez nor Passman addressed the issue of the constitutionality of LSA-R.S. 14:134. In Passman, defendant was indicted for malfeasance in office, a violation of LSA-R.S. 14:134. The state took the position that defendant's "duty lawfully required of him," as Director of the Louisiana State Real Estate Commission, which defendant was charged with having refused or failed to perform, was delineated in statutory law and administrative rules of the Commission. In affirming the trial judge's ruling quashing Passman's indictment because of failure of the indictment to charge an offense punishable under a valid statute, the Louisiana Supreme Court stated the following:
It is unnecessary for us to reach the issues of unlawful creation of a crime or improper delegation of legislative authority because, even if we refer to the administrative regulations promulgated by the Commission and La.R.S. 37:1431, et seq., we find no provisions delineating affirmative duties required of defendant to administer fair and accurate testing procedures. In absence of any express requirement of him in his official capacity, he cannot be charged with refusing or failing to perform a "duty lawfully required of him." Hence, even accepting all facts alleged in the indictment as true, Passman cannot lawfully *468 be charged with the criminal offense of malfeasance in office.
391 So.2d at 1144 (emphasis added). In Perez, the defendants (a district attorney and a district court judge) were indicted for malfeasance in office and conspiracy to commit malfeasance. In answers to a bill of particulars, the state informed defendant Perez that he allegedly violated the affirmative duties in La. Const. Art. X, § 30, which contained his oath of office. In reference to the phrase "any duty lawfully required of him" in LSA-R.S. 14:134, the court stated the following:
Before a public official can be charged with malfeasance in office, there must be a statute or provision of the law which delineates an affirmative duty upon the official. State v. Passman, 391 So.2d 1140 (La.1980). The duty must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges.
Perez, 464 So.2d at 741.
In reference to the defendants' oaths of office, the court concluded that both defendants had a mandatory duty to conform to the standard of conduct required by the oath in La. Const. Art. X, § 30, which each had taken; that the oath imposed upon each a specific duty not to interfere with the execution of the constitution and laws of this state; and that to intentionally interfere with the execution of any law would be a failure to perform a duty required of them under their oaths, constituting malfeasance. Id. at 742. In concurring with the majority opinion, Justice Dennis noted that in Passman the court did not answer the question of whether a duty under an administrative rule is sufficient to support a malfeasance charge founded on the refusal or failure to perform such a duty or the performance of such a duty in an unlawful manner; according to Justice Dennis, that question was not presented in Perez and remains unanswered. Perez, 464 So.2d at 744-745 (Dennis, J. concurring).
We are clearly bound by our Supreme Court's expressions in Perez and Passman. See State v. Hudnall, 444 So.2d 644, 646 (La.App. 3rd Cir.1983), writ denied, 446 So.2d 315 (La.1984). In any event, our holding that the challenged portions of LSA-R.S. 14:134 are constitutional is entirely consistent with the Perez and Passman cases.
This assignment, therefore, lacks merit.

FAILURE TO CHARGE OFFENSE PUNISHABLE UNDER A VALID STATUTE
In his assignment number two, defendant contends that the district court erred by denying defendant's motion to quash the indictment on the ground that the state's answers to defendant's request for a bill of particulars failed to charge a crime punishable under a valid statute. More specifically, defendant asserts that the indictment and the state's answers do not disclose an express affirmative duty which defendant "refused and failed" to perform. We disagree.
Count one of the indictment charged that defendant, in his capacity as assistant secretary of the Office of Coastal and Marine Resources of the Department of Wildlife and Fisheries, "refused and failed" to perform duties lawfully required of him by instructing Allen Galloway and Darryl Champagne not to issue offense citations to Lawrence Verdin for possession of oysters in violation of LSA-R.S. 56:433.
In the state's written responses to defendant's motions for bill of particulars, the state disclosed that defendant's express affirmative duties were contained in his oath of office and various statutes. Pursuant to the oath of office, defendant bore an express affirmative duty not to interfere with the execution of the provisions of LSA-R.S. 56:433; pursuant to LSA-R.S. 36:602 B, 608 D, and 609 C, and LSA-R.S. 56:3 B, 313 and 434 F, as an assistant secretary of the Office of Coastal and Marine Resources, defendant also bore an express affirmative duty to enforce the provisions of LSA-R.S. 56:433. Count one sufficiently charged defendant with violating both these affirmative duties. Violation of *469 either one of these duties was sufficient to charge defendant with an offense punishable under a valid statute. See Perez, 464 So.2d at 742. Compare State v. Authement, 532 So.2d 869 (La.App. 1st Cir.1988).
This assignment lacks merit.
For the foregoing reasons, the trial court's ruling quashing counts two and six, and consolidating counts three, four and five, is affirmed; the ruling quashing consolidated count three is reversed, and the matter is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[*] Judge Lewis S. Doherty, III, retired, is serving as judge pro tem. by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.
[1] For purposes of clarity and consistency in considering defendant's writ application, all references in this opinion will be to defendant rather than relator.
[2] We note that the failure of an indictment to charge a crime under state law constitutes error patent. State v. Fontenot, 256 La. 12, 235 So.2d 75 (1970).
[3] We note, as did the Louisiana Supreme Court in Joles, 492 So.2d at 494 n. 6, that the Blockburger decision is more frequently cited for its holding that, when the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.
[4] We note that Rocky's surname is spelled "Hinds" in the indictment and "Hines" in the transcript of the October 14, 1988, hearing. Herein, we have used the spelling used in the indictment.
[5] In our view, the term "duty" as used in the statute would include any duty imposed by any state law (whether the law is in our constitution or statutes) or by administrative regulations having the force and effect of law.

We further note that the official reporter's comment pertaining to LSA-R.S. 14:134 does indicate that the use of the phraseology "lawfully required of him" and "lawful" in LSA-R.S. 14:134 "is believed to be a necessary change in [the prior law] in view of the large number of important duties placed upon officers and employees of the state by departmental rules not having the force and effect of law." [emphasis added] However, it is well-established that reporter's comments do not constitute part of the law; in any event, we do not believe that, when given a genuine construction, the term "duty" as used in LSA-R.S. 14:134 encompasses a duty imposed other than by law or by administrative regulation having the force and effect of law.
[6] Defendant asserts that the Louisiana Supreme Court has found LSA-R.S. 14:134 deficient in regard to the term "duty" as it has attempted to further define which duties are encompassed within LSA-R.S. 14:134. More specifically, as to his reliance on Perez and Passman as "evidence" of vagueness, he submits that the interpretations of "duty" in those decisions "is evidence" that a reasonable man of average intelligence would be unable to discern what conduct is punishable under LSA-R.S. 14:134.