Dear Mr. Herring:
Our office is in receipt of your request for an Attorney General's opinion concerning the applicability of House Concurrent Resolution No. 4, Fourth Extraordinary Session, 1994 ("HCR 4") and its impact on the Department of Wildlife and Fisheries ("Department"). This Resolution concerns the enforceability of the Wild Louisiana Stamp requirements, as provided in La. R.S. 56:109(D) (1) and 56:1832 (A). HCR 4 states as its purpose:
 To urge and request the Department of Wildlife and Fisheries to cease and desist issuing tickets for first violations of the Wild Louisiana Stamp requirements and, instead, to issue warnings for such violations until the department has made the stamps available throughout the state and placed signs at the entrances of wildlife refuges and wildlife management areas advising the public of the Wild Louisiana Stamp requirements.
Your letter raises two issues, which are as follows:
 (1) Whether the Department and its agents have the authority to issue warning tickets for violations of the Wild Louisiana Stamp requirements; and
 (2) Whether the Department has the authority to dismiss tickets issued for violations of the Wildlife Louisiana Stamp requirements and, subsequently, return fines paid pursuant thereto.
LSA-R.S. 56:109 (D) (1) states. in applicable part, "[o]n and after July 1, 1993, a Wild Louisiana Stamp, hunting license. or fishing license, shall be required for use of department administered lands including wildlife refuges and wildlife management and habitat conservation areas". (Underlining added). R.S. 56:109(D) (3) imposes a mandatory civil penalty for a violation of these provisions.
However, R.S. 56:109 (D) (4) states:
 The department shall prominently post and maintain at each entrance to those lands subject to this Subsection a sign stating that all visitors, except those exempt by law, must possess a Wild Louisiana Stamp, a hunting license, or a fishing license while on those lands. (Underlining added).
Likewise, R.S. 56:1832 (A) states:
 The stamps shall be available for sale at all locations at which hunting and fishing licenses are also available and shall, if feasible, be made available for purchase through a self-service facility located at the entrance to those lands subject to R.S. 56:109 (D). (Underlining added).
The use of the word "shall" means mandatory. LSA-R.S. 1:3. Therefore, consistent with jurisprudential rules of statutory interpretation, in order to legally impose R.S. 56:109(D) (4).Hebbler v. New Orleans Fire Department,310 So.2d 113 (La. 1975), Bunch v. Town of St.Francisville, 446 So.2d 1357 (La.App. 1st Cir. 1984).
If the placement requirements are met, R.S. 56:109 mandates that a ticket be given. If a ticket must be given. If a ticket must be issued to a violator, an officer of the Department may not bypass this mandate by merely issuing a warning. In fact, an officer failing to issue the required citation may be subject to malfeasance in office under LSA-R.S. 14:134. State v.Perret, 563 So.2d 459 (La.App. 1st Cir. 1990).
However, the ability of the officer to issue a ticket is predicated upon the posting and availability mandates of R.S.56:109(D) (4) and 1832(A). If the posting mandates are not met and the officer can not issue the citation.
The second issue concerns whether the Department has the authority to dismiss tickets issued for Wild Louisiana Stamp requirements and return fines paid pursuant thereto. This issue hinges on the issue discussed above.
Failure to possess a Wild Life Stamp is a class one violation, which is an administrative penalty assessed by the Secretary or his designated hearing officer. Therefore, should the facts support a finding that the Department has not met all prerequisites of the statute before issuing a ticket under the requirements set forth in the statutes, a valid ticket and fine can not be dismissed or refunded. I trust this opinion answers your questions. Should you need further assistance, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ Frederick C. Whitrock Assistant Attorney General
RPI/FCW/tp