634 So.2d 1168 (1994)
STATE of Louisiana
v.
Sammy DAVIS, Jr.
No. 93-K-0599.
Supreme Court of Louisiana.
April 11, 1994.
*1169 Dennis Coleman Weber, Baton Rouge, for applicant.
Richard P. Ieyoub, Atty. Gen., New Orleans, John F. Johnson, Dist. Atty., William A. Yarbrough, Vidalia, for respondent.
HALL, Justice.[*]
Defendant, Sammy Davis, Jr., a former mayor of the Town of Ferriday, Louisiana, was charged by grand jury indictment with three counts of malfeasance in office, a violation of LSA-R.S. 14:134. After trial by jury, he was convicted of one count of malfeasance in office, and was sentenced to four years at hard labor, with two years suspended, and placed on active probation for five years. Additionally, defendant was fined $3,000.00 (plus costs) and was ordered to pay restitution in the amount of $15,000.00. The court of appeal affirmed the conviction. State v. Davis, 614 So.2d 270 (La.App. 3d Cir.1993). Defendant applied to this court for writs, which were granted. State v. Davis, 626 So.2d 1180 (La.1993). As we find that the state failed to prove an essential element of the charged offense, we now reverse the conviction.
The indictment charges that the defendant "intentionally performed a duty lawfully required of him as Mayor of the Town of Ferriday, Louisiana, in an unlawful manner in that on June 30, 1988 he issued checks for the payment of Town of Ferriday funds to town employees and officials in lieu of accrued sick leave and accrued annual leave in violation of Ordinances and Laws of the Town of Ferriday, Louisiana." Essentially, the evidence established that defendant, having been defeated in his bid for re-election, on his last day in office had payroll checks issued to himself and several employees who were not to be retained by the incoming administration. The payroll checks included pay for the last pay period and amounts for accrued sick leave and annual leave in excess of the amounts purportedly authorized by Sections 13:6 and 13:7 of the town ordinances. The purported ordinances provided for no payment of accrued sick leave to employees leaving employment and limited payment of accrued annual leave for such town employees to amounts equivalent to no more than ten working days (eighty hours) of pay.
The crime charged, LSA-R.S. 14:134, provides:
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. the delegation of such a lawful duty shall not relieve the public officer or employee of his lawful duty.
Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
In his assignment of errors, defendant/appellant challenges the evidence as being insufficient to establish proof of his guilt beyond a reasonable doubt. It is elementary that the state must prove each element of the *1170 crime charged beyond a reasonable doubt. U.S. Const.Amend XIV; La. Const. Art. I, § 2 (1974); La.C.Cr.P. art. 804; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Graham, 422 So.2d 123, 129 (La.1982). In order to prove a violation of LSA-R.S. 14:134, the state must prove the existence of an affirmative duty delineated by statute or law upon the defendant public officer and that the defendant intentionally performed that duty in an unlawful manner. State v. Perez, 464 So.2d 737, 742 (La.1985); State v. Passman, 391 So.2d 1140, 1144 (La.1980); State v. Kelley, 241 La. 224, 128 So.2d 18 (1961). "The duty must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges." Perez, supra, at 741.
LSA-R.S. 33:404 delineates the duties of a mayor, and one of these duties is
[t]o supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law....
(Emphasis added.) This statute mandates a general duty upon the mayor to administer the municipality in conformity with ordinances properly adopted by the board of aldermen. The state sought to establish that the violation of a purported town ordinance was tantamount to the violation of an affirmative duty to enforce the town's ordinances, as set forth by LSA-R.S. 33:404, supra. Therefore, it was incumbent upon the state to prove the existence of the ordinance that imposed the duty. The state failed to prove the existence of the ordinance either by judicial notice thereof or by competent evidence, and consequently failed to prove an affirmative duty imposed by law upon the defendant, an essential element of the crime charged.
As evidence of the existence of the town ordinance in the instant prosecution, the state offered into evidence a copy, certified by the town clerk, of the minutes of a special meeting of the town Board of Aldermen held on January 19, 1978. The copy of the minutes is also certified by a deputy clerk of court as having been filed with the clerk of court prior to the defendant's trial. The certificate by the town clerk certifies the document only as a correct copy of the minutes of the special meeting of January 19, 1978, and does not certify the document as being a correct copy of an ordinance duly adopted by the Board of Aldermen and as being in effect on the date the alleged offense was committed.[2]
The minutes reflect that the January 19, 1978 meeting was a special meeting called pursuant to notice for the purpose of discussing alleged misconduct of town police officers. LSA-R.S. 33:405 provides that no business except that specified in the notice shall be considered at a special meeting unless approved by two-thirds of the aldermen present. The minutes do not reflect such approval. Nevertheless, the minutes reflect that amendments to Title 13 of the town's Municipal Code relating to employee benefits and containing the provisions in regard to annual leave and sick leave upon which the state relies were also discussed. The minutes do not reflect that the proposed amendments were voted on or adopted by majority vote, or that the proposed ordinance was introduced at a previous meeting or voted on at a subsequent meeting, or that it was published, as required by LSA-R.S. 33:406.
Regarding judicial notice of municipal ordinances, LSA-R.S. 13:3712 provides:
A. Certified copies of books, records, papers or other documents of the state of Louisiana and its departments, boards, and agencies, and of its political subdivisions *1171 and their departments, boards, and agencies, and which are made self-authenticating under Chapter 9 of the Louisiana Code of Evidence, shall be prime facie proof of the existence and contents of the originals and of any act, transactions or occurrence or event as a memorandum of which said books, records, papers, or documents were kept or made.
B. All courts of record in the state shall take judicial cognizance of the municipal ordinances and parochial ordinances which may be enacted by governing authority of any town, city, municipality, or parish within their respective jurisdictions whenever certified copies of such ordinances have been filed with the clerk of said court. The clerk shall keep a record of such ordinances filed with him. It shall not be necessary to file more than one copy of any ordinance with the clerk in order that judicial cognizance be taken thereof. Such certified copies may be filed with the various clerks of court either by the proper custodian of the ordinances of respective town, or any lawful officer of the court.
LSA-C.E. art. 202, in pertinent part, provides:
A. Mandatory. A court, whether requested to do so or not, shall take judicial notice of the laws of the United States, of every state, territory, and other jurisdiction of the United States, and of the ordinances enacted by any political subdivision within the court's territorial jurisdiction whenever certified copies of the ordinances have been filed with the clerk of that court.
B. Other legal matters. (1) A court shall take judicial notice of the following if a party requests it and provides the court with information needed by it to comply with the request, and may take judicial notice without request of a party of:
(c) Ordinances enacted by any political subdivision of the State of Louisiana.
The comments following Article 202 state:
This article makes several minor changes in prior law. The approach of R.S. 13:3712 is incorporated in Paragraph A. (R.S. 13:3712 supplemented former R.S. 15:422(1), which provided for judicial notice of "laws" but excluded municipal and parochial ordinances.) The Article, however, goes further than R.S. 13:3712. First, under Paragraphs A and B, a court must take judicial notice of an ordinance of any political subdivision within its jurisdiction either when the proper certified copy has been filed with the clerk of court or when a party "provides the court any information needed by it to comply with the request"; and under Paragraph B alone the court must take judicial notice of an ordinance of a political subdivision beyond its territorial jurisdiction whenever a party provides the court with the necessary information. The court may require a party to furnish certified copies of the ordinance to satisfy the "sufficient notice" requirement....
The state filed into evidence (and previously filed with the clerk of court) a certified copy of the minutes of a meeting at which a proposed ordinance was discussed, not a certified copy of an ordinance. The minutes do not reflect adoption of the proposed ordinance by the board of aldermen. To the contrary, the minutes reflect that the requirements for adoption of a municipal ordinance were not met.
Having failed to file a certified copy of the ordinance with the clerk of court, the mandatory judicial notice provisions of LSA-R.S. 13:3712(B) and LSA-C.E. art. 202(A) are not applicable. Having failed to request judicial notice or to provide the court with the "information needed by it", the court had no basis for taking judicial notice under Article 202(B). In fact, the court did not purport to take judicial notice of the ordinances or comply with the informative provisions of Article 202(D).[3] The state failed to otherwise prove the existence of the ordinance by filing the original or a certified copy pursuant to LSA-C.E. arts. 902(2)(b), 904, and 1005, or by use of any extrinsic evidence.
*1172 Having failed to prove the existence of a valid town ordinance establishing the duty of the mayor in regard to payment of annual and sick leave, which duty defendant is alleged to have unlawfully performed, the state has failed to prove an essential element of the crime. Although the defendant did not set forth this error with specificity in his assignment of errors, the fact that the state's case lacked such an essential element of the charged offense requires us to set aside defendant's conviction, "regardless of how the error [was] brought to the attention of the reviewing court." State v. Raymo, 419 So.2d 858, 861 (La.1982). See also State ex rel. Womack v. Blackburn, 393 So.2d 1216, 1220 (La.1981) (per Lemmon, J., concurring).[4] Accordingly, the conviction and sentence are reversed and set aside, and the defendant is ordered discharged on the count of malfeasance in office for which he was tried.
CONVICTION AND SENTENCE REVERSED AND VACATED.
NOTES
[*] Justice Watson not on panel. Rule IV, Part 2, § 3.
[2] The town clerk's certification provides, in pertinent part, that

THE ABOVE AND FOREGOING IS A TRUE AND CORRECT COPY OF THE OFFICIAL MINUTES OF A LEGALLY CONVENED MEETING OF THE MAYOR AND THE BOARD OF ALDERMEN OF THE TOWN OF FERRIDAY, LOUISIANA ON JANUARY 19, 1978, AND ... THAT SAID MINUTES ARE FULLY RECORDED IN THE JOURNAL OF PROCEEDINGS AND RECORDS OF [the Clerk of Court's] OFFICE.
(Emphasis added.)
[3] LSA-C.E. art. 202(D) provides that

Judicial notice of the foregoing legal matters may be taken at any stage of the proceeding, provided that before taking judicial notice of a matter in its instructions to the jury, the court shall inform the parties before closing arguments begin.
[4] Defendant also assigned as error the state's failure to prove criminal intent, general or specific, to "intentionally" act in an unlawful manner. Evidence was presented showing that, on a previous occasion, the board of aldermen had authorized payment of accrued annual and sick leave to an employee upon termination of employment, and that, at least informally, the board expressed the view that other employees should be treated the same way in the future. Obviously, the board could not informally amend or rescind an existing valid ordinance, but given the fact that no valid ordinance was shown to exist, or at most had been "informally" adopted, defendant's reliance on the board's prior approval of payment to a terminating employee is a reasonable hypothesis, and an inference of criminal intent on the part of defendant becomes tenuous. However, having determined that the conviction should be reversed because of lack of proof of the ordinance purporting to give rise to defendant's duty, it is unnecessary to definitively rule upon this assignment of error.