786 So.2d 200 (2001)
STATE of Louisiana
v.
John GROCE.
No. 00-1609.
Court of Appeal of Louisiana, Third Circuit.
May 4, 2001.
Steven D. Crews, Corkern & Crews, Assistant District Attorney, Natchitoches, LA, Counsel for State of Louisiana.
James S. Seaman, Attorney at Law, Natchitoches, LA, Counsel for John Groce.
Court composed of YELVERTON, SAUNDERS, and PETERS, Judges.
*201 YELVERTON, Judge.
Defendant, John Groce, was charged with malfeasance in office, a violation of La.R.S. 14:134. Groce was the mayor of the Village of Natchez, Louisiana at the time of the offense.
On May 25, 2000, a six-member jury unanimously found him guilty as charged. The court sentenced him to one year with the Department of Corrections, suspended, and five years' probation with conditions, including payment of a $500 fine.
Defendant now appeals his conviction. His assigned errors are that his attorney was ineffective and that the evidence was insufficient to support his conviction.

ERRORS PATENT
In accordance with Louisiana Code of Criminal Procedure Article 920, we have reviewed the record for errors patent. There are none.

FACTS
On an unspecified date in 1996, the police chief of Natchez obtained a shotgun from a local gun dealer. When the police chief failed to win reelection he turned in his police equipment, including the shotgun, to Alderman Amos Bradley. He did this on July 1, 1998. Bradley, in turn, delivered the equipment to Defendant, who was then mayor.
Defendant pawned the shotgun on October 6, 1998. A Natchitoches Parish sheriffs deputy conducting a routine check of pawnshop records noticed the shotgun listed as a pawned item. The deputy discovered the pawn because he was familiar with the gun; he remembered when the former chief had obtained it. After that discovery, deputies conducted an investigation that led to the current prosecution.

ASSIGNMENT OF ERROR NO. 2
The court will address Defendant's second assignment first, because it alleges that the trial evidence was insufficient to support his conviction. As instructed by State v. Hearold, 603 So.2d 731 (La.1992), we always take up sufficiency of the evidence assignments first. Regarding the sufficiency review, and the standard of review required by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the court in State v. Kennerson, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97); 695 So.2d 1367, 1371 (citations omitted), said:
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the Jackson standard of review.
Defendant was charged with malfeasance in office, a violation of Louisiana Revised Statute 14:134. Subsections (1) and (2) read as follows:
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner;
Thus, to convict for a violation of these subsections, the State had to prove that Defendant was a "public officer" or "public employee" and that he intentionally *202 refused or failed to perform a duty lawfully required of him, or he intentionally performed such a duty in an unlawful manner. State v. Davis, 93-599 (La.4/11/94); 634 So.2d 1168. "The duty must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges." Id. at 1170 (quoting State v. Perez, 464 So.2d 737, 741 (La.1985)).
Defendant argues that the evidence was insufficient to establish ownership of the shotgun by the Village at the time the shotgun was pawned. Defendant also argues that the State never alluded to his duties as mayor, that no statutes or laws were mentioned or entered into evidence that he violated any duty, and that, therefore, the State never proved a violation of a duty.
The jury heard evidence that established that the Village owned the gun. The State called six witnesses: Amos Bradley, a member of the Village Board of Alderman; Lloyd Benjamin, the Village Police Chief at the time of trial; Victor Jones, the Sheriff's Chief Investigator during the investigation and Sheriff-Elect at the time of the trial; Robert M. Walsworth, a Natchitoches Parish Deputy Sheriff; Travis Trammel, a Natchitoches Parish Investigator; and Earl Gray, the local pawnshop owner. From these witnesses, the State elicited testimony based on which the jury could have found the following facts. A former police chief purchased the shotgun from a gun dealer in 1996. It was turned in when that police chief failed to win reelection in 1998. Alderman Bradley took possession of it briefly, then turned it over to the Defendant, the mayor. When the new police chief, Benjamin, took office in July 1998, he left the shotgun with the Defendant. The Defendant pawned the gun with the local pawnshop owner in October 1998 for $100 and later redeemed it. Defendant brought the gun to Police Chief Benjamin in late 1998. The Defendant explained during the investigation that he had pawned the gun but did so mistakenly thinking it was his because he had one similar to it.
Although there was apparently no purchase order approved by the Village, and the gun was not actually paid for until the year 2000, the evidence was sufficient for the jury to conclude that the State had proved beyond a reasonable doubt that the Village owned the gun. Therefore, it was public property.
Addressing whether Defendant owed a duty which was violated when he pawned the gun, which is his remaining contention regarding the sufficiency of evidence, we note that the trial judge instructed the jury: "Louisiana Law provides that no public official may pawn or pledge public property." This was a correct instruction of the law.
Article VII, § 14 of the Louisiana Constitution generally prohibits the loan, pledge, or donation of public funds and/or property. A pawn is a pledge. La.Civ. Code arts. 3133 and 3135. Louisiana Revised Statute 42:1461(A) specifically delineates the duty of public officials and employees with regard to public property as follows:
A. Officials, whether elected or appointed and whether compensated or not, and employees of any "public entity," which, for purposes of this Section shall mean and include any department, division, office, board, agency, commission, or other organizational unit of any of the three branches of state government or of any parish, municipality, school board or district, court of limited jurisdiction, or other political subdivision *203 or district, or the office of any sheriff, district attorney, coroner, or clerk of court, by the act of accepting such office or employment assume a personal obligation not to misappropriate, misapply, convert, misuse, or otherwise wrongfully take any funds, property, or other thing of value belonging to or under the custody or control of the public entity in which they hold office or are employed.
The jury heard evidence that established that the Village owned the gun and that Defendant pledged the gun at a pawnshop to obtain cash for his personal use. This was clearly in violation of Article VII, § 14 of the Louisiana Constitution and Louisiana Revised Statute 42:1461. The evidence was sufficient to convict Defendant for malfeasance in office.

ASSIGNMENT OF ERROR NO. 1
In this assignment, Defendant argues his trial counsel was ineffective. The record contains insufficient information for this court to determine whether the Defendant's trial counsel was ineffective. This assignment will not be considered. It is relegated to post-conviction relief. In post-conviction proceedings, Defendant may seek an evidentiary hearing to develop a sufficient record on the issues raised. State v. Bazar, 99-752 (La.App. 3 Cir. 2/2/00); 758 So.2d 844.

CONCLUSION
Defendant's conviction for malfeasance is affirmed.
AFFIRMED.
SAUNDERS, J., dissents and assigns written reasons.
SAUNDERS, J., dissenting and assigning written reasons.
I do not agree that the jury had adequate evidence to establish that the village was owner of the gun. Clearly the village had not paid for the gun or approved a purchase order for the fun. If the city acquired ownership in some other way, it is not substantiated by the record.