Dear Mr. Speed:
Reference is made to your recent request, on behalf of the St. Helena Parish Police Jury, for an Attorney General's Opinion regarding the police jury's practice of issuing travel advances to members of the police jury and its employees, for travel on the parish's behalf. It is our understanding that the police jury has made it a practice to issue travel advances to its members and other employees, typically in the amount of $100.00 per each day of expected travel. This amount is meant to cover meals and travel related expenses, other than hotel room rental amounts. Upon return, the police juror or employee is to provide the parish with expense receipts for his or her meals and eligible expenses, and provide the parish with a refund of any amounts not validly expended. Pertinently, your letter provides:
 "It was brought to our office's attention that certain individuals have received advance payments to attend out of town conventions and/or seminars but some of these individuals had been unable to attend these conventions and/or seminars. Apparently due to problems in finances, these individuals were then unable to make immediate reimbursement or repayment of the amounts advanced for their attendance the said conventions and/or seminars It was the opinion of our office that the pre-payment of an expense allowance to members of the St. Helena Parish Police Jury or its employees was essentially a loan of money and as such a violation of Article 7, Section 14 of the Louisiana Constitution of 1974."
Specifically, the St. Helena Parish Police Jury has requested our opinion as to whether or not it can legally advance a cash payment to police jurors and/or employees to attend out-of town events.
Please be advised that it is the opinion of this office that the provision of travel advances to officials and employees of the police jury, who are asked to travel on behalf of, or in the interest of the St. Helena Parish, subject to the provision that the entire unused and un-reimbursable portion will be immediately returned to the police jury, is not, per se, illegal. See Attorney General's Opinion No. 03-0156, which determined that a travel per diem could be provided in advance, subject to the condition that the entire advance or the appropriate portion thereof would be returned to a political subdivision if the travel is not made or is cut short.
On the other hand, if the police jury has no reasonable expectation of prompt repayment, the provision of travel advances to a police juror or employee would, in our opinion, violate La. Const. Art. VII, Sec. 14. In our opinion, the police jury's travel policy should, at a minimum, require the traveler to immediately refund unused or un-reimbursable advance amounts to the parish.
In addition to La. Const. Art. VII, Sec. 14, we would call your attention to LSA-R.S. 42:1461(A), which requires all public officials to administer public funds and property entrusted to them for public purposes and as a fiduciary. Attorney General's Opinion Nos. 90-504. LSA-R.S. 42:1461 imposes a personal obligation upon public officials and employees and prohibits them from misappropriating, misapplying, converting, or misusing any funds or property under the custody of the public entity in which the office or employment is held. The breach of this obligation gives rise to an action in favor of the public entity for the recovery of such funds or property, and for damages resulting from the breach.
Improper administration of public funds and property can also give rise to an action for malfeasance in office. In State v. Groce, 786 So.2d 200, a Mayor was convicted of malfeasance in office for pawning a gun owned by the city in order to obtain cash for his personal use. The court determined that such action was "clearly in violation of Article VII, Sec. 14 of the Louisiana Constitution and Revised Statute 42:1461."
In our opinion, La. Const. Art, VII, Sec. 14 and LSA-R.S. 42:1461(A) are clearly violated when a public official or employee converts public funds to his or her own personal use by failing to immediately refund unused or un-reimbursable travel advances. We also caution the police jury that the language of LSA-R.S. 42:1461(A) is broadly written, and may be violated by an official who tacitly allows the conversion of public funds to personal use by authorizing the advance of public funds to individuals from whom the official has, or should have, no reasonable expectation of immediate repayment.
Your attention is also called to Attorney General's Opinion Nos. 00-483, 98-85, 97-433, 92-857 and 92-716, which recognize that expense allowances should be treated as additional compensation subject to state and federal taxation and reporting requirements, in the absence of an adequately documented itemization of expenses actually incurred in the performances of public duties.
As previously noted, the provision of travel advances to officials and employees of the police jury is not, per se, illegal. Clearly, however, if the police jury ceased its policy of providing travel advances, there would be less likelihood of violation of the provisions of law cited herein.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of further assistance to you, or to the St. Helena Parish Police Jury, in the other areas of the law.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dam