||WILLIAMS, J.
The defendant, Manuel Lee Espejel[1] was charged by an amended bill of information with one count of theft, a violation of LSA-R.S. 14:67, one count of malfeasance in office, a violation of LSA-R.S. 14:134 and one count of possession with intent to distribute a Schedule I narcotic drug, to-wit: marijuana, a violation of LSA-R.S. 40:966. After a jury trial, the defendant was found guilty only of malfeasance in office. The trial court imposed the maximum sentence of five years imprisonment. Defendant’s motion in arrest of judgment and motion for new trial were denied. Defendant appeals his conviction challenging the sufficiency of the evidence presented to support his conviction. For the following reasons, we reverse the conviction and vacate the sentence.

FACTS

The defendant, a former sergeant with the City of Winnfield Police Department, served as the department’s investigator and the custodian of the evidence room from 1998 until 2001. In late December 1999, the defendant was involved with a “drug bust,” which ended in the arrest of one David L. Mangum (“Mangum”). At the time of the arrest, the defendant seized approximately nineteen pounds of marijuana as evidence.
On January 1, 2002, at approximately 9:30 p.m., the former Chief of Police, Gleason Nugent, was informed by part-time Winnfield City Police Officer, Johnny Ray Carpenter, that the marijuana seized from the “drug bust” involving Mangum was missing from the evidence room. On January 2, 2002, the defendant was advised of his Miranda rights and questioned by | ¡¡Chief Nugent about the disappearance of the marijuana seized from Mangum. Initially, the defendant informed Chief Nu-gent that he had burned the marijuana in an incinerator at Kaye’s Food Store in September of 2001 to create more space in the evidence room.
Chief Nugent later received information from Officer Carpenter that the bags that had contained the marijuana were in the trunk of the defendant’s patrol unit. After searching the trunk, Chief Nugent discovered a box that contained five empty brown paper bags with North Louisiana Criminalistic Laboratory evidence tags attached to them. Thereafter, Chief Nugent arrested the defendant and contacted the Louisiana State Police Department to investigate the disappearance of the evidence.
On January 4, 2002, Baxter Welch, a detective with the Louisiana State Police Department assigned to the case, interviewed the defendant. During the initial interview, the defendant informed Detective Welch that he had burned the marijuana in the incinerator at Kaye’s Food Store the day Mangum was arraigned, *865 March 26, 2001. On January 18, 2002, after contacting Detective Welch two days prior, defendant recanted the first version of his story and stated that he had left the marijuana in the trunk of his police unit. Defendant also informed Detective Welch that Officer Carpenter borrowed the police unit to use while he worked at a housing project in Winnfield, Louisiana. Defendant then informed Detective Welch that he discovered that the marijuana was missing when he went to retrieve the evidence from the trunk of the vehicle on the following morning. Defendant, told the detective that he questioned Officer Carpenter about the | ¡¡marijuana's disappearance and did not report the marijuana missing to Chief Nugent because Officer Carpenter said that he would look into the matter. On April 18, 2002, defendant gave a final version of the set of circumstances surrounding the missing marijuana. On that date, the defendant admitted to Winnfield Parish Sheriffs Deputy Charles Martin that he had given the evidence room key to Officer Carpenter, who removed the marijuana and either sold it or had disposed of it in some manner, and that he had received $500 from Officer Carpenter.
After a jury trial, the defendant was found guilty of malfeasance in office. Following a hearing, the trial court denied the defendant’s motions for arrest of judgment and new trial. The trial court imposed a sentence of five years imprisonment. Defendant now appeals his conviction and sentence.

DISCUSSION

In his sole assignment of error, the defendant contends the state failed to present sufficient evidence to support his conviction of malfeasance in office. The defendant urges that in the absence of a specific duty imposed by law to restore evidence to an evidence locker in a timely manner, the defendant cannot be convicted of malfeasance ■ in office.- He argues that although the state introduced portions of the Winnfield City Police Department policy manual as evidence that the defendant committed acts of malfeasance, no claim was made by the state that the policies outlined in the police manual were .statutes or laws.
The defendant contends LSA-R.S. 15:61 does not address the duties |4or obligations of peace officers concerning seized contraband evidence or the failure to restore such evidence to a locker room. He concludes that the state failed to meet its burden of proving each element of the crime charged beyond a reasonable doubt, since the state did not establish that there was a law or statute requiring evidence to be placed into an evidence locker.
The state argues that both the defendant’s oath of office as a police officer and portions of the Winnfield City Police Department’s policy manual placed an affirmative duty on the defendant to return the seized marijuana to the evidence locker.
LSA-R.S. 14:134 provides as follows:
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to per- . form any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority; to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful *866 duty of such public officer or employee. The delegation of such lawful duty shall not relieve the public officer or employee of his lawful duty.
Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
|sThe provisions of the police department’s policy manual at issue in this prosecution state in pertinent part:
24. B. Creating and Destroying Evidence
No member shall manufacture, create, or destroy evidence of any kind. A court order is necessary for the destruction of any property collected as evidence.
* * * *
E. Confiscated Property
Under no circumstances shall a member of this department neglect to preserve or collect property, MONEY OR OTHER EVIDENCE when that member had the opportunity to do such. No member shall wrongfully use or misappropriate any property, money or articles under his care.
F. Continuity of Evidence
Every member shall make every effort to preserve, the chain of evidence of which he is a part. The chain should be kept to a minimum.
Under Louisiana law, prosecutions for malfeasance of office as defined by LSA-R.S. 14:134(1) and 14:134(2) presuppose the existence of “a statute or provision of the law which delineates an affirmative duty upon the official.” State v. Perez, 464 So.2d 737, 741 (La.1985); State v. Schwehm, 98-1599 (La.3/19/99), 729 So.2d 548. This duty “must be expressly imposed by law upon the official because the official is entitled to know exactly what conduct is expected of him in his official capacity and what conduct will subject him to criminal charges.” State v. Perez, supra. When a public official takes the oath of office contained in LSA-Const. art. 10, § 30, swearing to uphold the laws of Louisiana, that oath imposes upon him a specific duty not to obstruct or interfere with the execution of those laws. State v. Perez, supra; State v. Authement, 532 So.2d 869 (La.App. 1st Cir.1988).
In Perez, the district court denied a motion to quash a bill of information, which had been substituted for an indictment against the defendants who were the district attorney and a district judge of the 24th Judicial District. The indictment charged both defendants with malfeasance in office and conspiracy to commit malfeasance in discharging a grand jury. On the application of the defendants, the Fourth Circuit Court of Appeal granted writs and reversed the trial court, finding that neither defendant violated any statutory duty required of him by law. State v. Perez, 450 So.2d 1324 (La.App. 4th Cir.1984).
The court of appeal essentially held that on the basis of the evidence produced on the motion to quash, the defendants were not guilty of malfeasance in discharging the grand jury because the evidence showed that the defendants did not misrepresent the facts and that due to outside influences upon the grand jury, there was legal cause for its discharge. Id. With reference to the malfeasance charges against the district attorney in Perez, our Louisiana Supreme Court stated:
Without some provision of law which sets forth what duties the district attorney has in his capacity as legal advisor to the grand jury, we cannot simply conclude after-the-fact what specific things the defendant should have done in that capacity with respect to this additional grand jury.
*867 The requirement that there must be a statute or provision of law which delineates an affirmative duty on the defendant charged with malfeasance was established in State v. Passman, 391 So.2d 1140 (La.1980). In Passman, the Director of the Louisiana Real Estate Commission |7was charged with malfeasance for intentionally issuing licenses without valid testing or without regard to actual test scores of applicants and knowingly falsifying, altering, modifying and/or completing the examinations of applicants in order to insure the issuance or non-issuance of licenses contrary to the requirements of law.
The trial court granted defendant’s motion to quash on the grounds that the indictment failed to charge an offense punishable under a valid statute. Our Louisiana Supreme Court specifically stated that it was not required to decide whether or not an administrative rule could be considered as a provision of law, because the rules presented at trial did not clearly promulgate the duty which the real estate commissioner allegedly violated. As a result, the Court held that the trial court had properly sustained the defendant’s motion to quash the indictment.
In State v. Schwehm, supra, a former Justice of the Peace in St. Tammany Parish was convicted on two counts of malfeasance in office. The First Circuit Court of Appeal reversed the defendant’s conviction for malfeasance in office on the count charging him with failure to remit litter fines to the appropriate governing authority for approximately three years. The lack of any state or local law which specified the time period for remittance of the litter fines by justice of the peace courts, together with the enactments regarding LSA-R.S. 25:1112(A), formed the core of the defense argument at trial. Although the defendant conceded he had failed to remit any of the litter fines as charged in the indictment, he argued against the culpability of that conduct under LSA-R.S. 14:134 based on the lack of an |sexpress statutory deadline. Our Louisiana Supreme Court, however, rejected this argument and reinstated the defendant’s conviction and sentence, finding that his personal use of a portion of the fines violated his legal duty to remit all fine proceeds to the parish. Schwehm, supra.
In the case sub judice, the defendant’s brief tacitly admits and the record shows that the defendant removed the marijuana from the evidence room for transport to the court for Mangum’s arraignment on March 26, 2001 and that defendant failed to preserve the evidence from that date until defendant was arrested for another matter on September 27, 2001. The defendant’s argument that the absence of a specific duty imposed by law to restore evidence to an evidence locker in a timely manner basically obviates any duty he may have had to restore the evidence to the locker is unconvincing under the rationale and holding in Schwehm, supra.
Although the defendant’s brief cites State v. Davis, 93-0599 (La.4/11/94), 634 So.2d 1168, he does not discuss the case. The state correctly interprets the issue presented in Davis. There, a former may- or of Ferriday, Louisiana was charged by grand jury indictment with three counts of malfeasance in office. The evidence presented at trial established that defendant, on his last day in office, had payroll checks issued to himself and several employees who were not to be retained by the incoming administration. The checks included amounts for accrued sick leave and annual leave in excess of the amounts purportedly authorized by the town’s ordinances. After a jury trial,- the defendant was convicted of one count of malfeasance in office.
*868 [flAs it was incumbent upon the state to prove the existence of the ordinance that imposed the alleged duty, the supreme court held that the evidence was insufficient because the prosecutor did not prove that the city had adopted the ordinance concerning vacation and sick leave. There was evidence to show that the ordinance had been discussed by the town aldermen but never voted on or adopted. In Davis, our Louisiana Supreme Court raised this sufficiency of evidence issue on its own since only the minutes of the Board of Alderman meeting were introduced at trial. The defendant’s conviction and sentence were reversed and set aside.
There is language in Davis, however, which indicates that the existence of the ordinance could have been proved by either judicial notice or competent evidence. As shown in Davis, LSA-R.S. 13:3712 governs the authenticity of public records and LSA-C.E..art. 202 establishes the authority of the court to take judicial notice of Louisiana state laws and ordinances.
LSA-R.S.-13:3712 states:
A. Certified copies of books, records, papers or other documents of the state of Louisiana and its departments, boards, and agencies, and of its political subdivisions and their departments, boards, and agencies, and which are made self authenticating under Chapter 9 of the Louisiana Code of Evidence, shall be prima facie proof of the existence and contents of the originals and of any act, transactions or occurrence or event as a memorandum of which said books, records, papers or documents were kept or made.
B. All courts of record in the state shall take judicial cognizance of the municipal ordinances and parochial ordinances which may be enacted by the governing authority of any town, city, municipality, or parish within their respective jurisdictions whenever certified copies of Imsuch ordinances have been •filed with the clerk of said court. The clerk shall.keep a record of such ordinances filed with him. It shall not be necessary to file more than one copy of any ordinance with the clerk in order that judicial cognizance be taken thereof.- Such certified copies may be filed with the various clerks of court either by the proper custodian of the ordinances of respective town', city, municipality or parish, or any lawful officer of the court.
LSÁ-C.E. art. 202 states, in pertinent part:
A. Mandatory. A court, whether requested to do so or not, shall take judicial notice of the laws of the United States, of every state, territory, and other jurisdiction of the United States, and of the ordinances enacted by any political subdivision within the court’s territorial jurisdiction whenever certified copies of the ordinances have been filed with the clerk of that court.
B. Other legal matters. (1) A court shall take judicial notice of the following if a party requests it and provides the court with information needed by it to comply with the request, and may take judicial notice without request of a party of:
* * * *
(c) Ordinances enacted by any political subdivision of the State of Louisiana.
The evidentiary situation in the present case is analogous to that of Davis, in that the state failed to present evidence to prove that the city had actually adopted the police policy manual as a provision of law. Thus, in this case, as in Davis, the state has failed to prove an essential element of the crime of malfeasance in office.
*869 As did the Louisiana Supreme Court in Davis, we have performed our own review of the record to assess the sufficiency of evidence. We conclude that the police policy manual excerpts introduced at trial cannot be considered “a provision of law,” because a certified copy was never offered as evidence of its authenticity and there was no showing that the manual had Inbeen enacted as a city ordinance subject to judicial notice under the provisions set forth in LSA-R.S. 13:3712.
For the above reasons, we must find on this record that the evidence presented by the state is insufficient to support a conviction of malfeasance in office.

CONCLUSION

For the foregoing reasons, the defendant’s conviction and sentence for malfeasance in office are reversed and set aside, and the defendant is ordered discharged on the count of malfeasance in office.
CONVICTION REVERSED AND SENTENCE VACATED.

. The defendant testified at trial that his legal name is Emmanual Lee Espejel.