Dear Mr. Banks,
Your have requested an opinion of this office regarding whether public funds may be spent to reimburse a public official for legal fees incurred in successfully defending himself against a charge of malfeasance in office.
According to your request, in the late 1980's Sammy Davis, Jr. served as the Mayor of the Town of Ferriday. After completing his term of office, he was indicted for the crime of malfeasance in office. After a trial, appeal, and a writ application to the Louisiana Supreme Court, Mayor Davis' conviction was vacated. State v. Davis, 93-0599 (La. 4/11/94), 634 So.2d 1168. Mr. Davis incurred many legal fees in fighting the charges brought against him as a result of his service in office and you have asked whether the town council may now reimburse Mr. Davis' estate for those legal fees. Mr. Daivs' attorney and the town council are in agreement that any action on the legal bill prescribed long ago and there remains no enforceable legal obligation for the Town of Ferriday to pay these expenses.
This office has consistently opined that when a local public official has been the subject of a prosecution of criminal charges arising out of the performance of the official functions of his office, and the prosecution results in an acquittal or dismissal, the public official's legal fees may be paid or reimbursed from public funds, provided the legal fees and expenses are reasonable and necessary. See Atty. Gen. Op. Nos. 07-0045, 99-180, 94-384, 87-699.
Nevertheless, all questions concerning the use of public funds must be examined in light of La.Const. art. VII, § 14, which provides, in pertinent part, as follows:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or *Page 2 
donated to or for any person, association, or corporation, public or private . . . `
In Board of Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, et al., 938 So.2d 11, 2005-2298 (La. 9/6/06) (the"Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. Louisiana Mun. Risk Mgmt. Agency,Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's, 938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. TheCabela's standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
First, we believe that using public funds to pay for or reimburse legal fees incurred by a public official in successfully defending criminal charges brought against him as a result of carrying out the official duties of public office is a public purpose. Public officials are more prone to having frivolous lawsuits filed against them than ordinary citizens and must defend themselves regardless of the merit of the lawsuit. If a public official who successfully defended himself from a civil claim or from criminal charges filed as a result of the performance of his public duties had to pay his legal fees with personal funds, it would severely limit the number of people who would run for (and remain in) public office. Atty. Gen. Op. No. 83-611. Allowing public funds to be used to pay or reimburse legal fees incurred in successfully defending oneself encourages individuals to seek or remain in public office with the assurance that if they are forced to defend their actions while serving in their official capacity, they would be entitled to reimbursement upon exoneration. See Atty. Gen. Op. Nos. 90-38, 80-105, 79-349A. This, in turn, gives the electorate a greater choice in who to elect to public office.
We also believe that this expenditure passes the second and third parts of the Cabela's analysis. The expenditure is not purely gratuitous because the municipality receives attorney services (and, in this case, an acquittal of Mr. Davis) for the public funds spent. The town council must determine that it will *Page 3 
receive at least equivalent value in exchange for the public funds it spends by determining (1) the hourly rate charged by the attorney was reasonable; (2) the number of hours spent by the attorney were reasonable and necessary; and (3) any costs incurred by the attorney were reasonable and necessary. See Atty. Gen. Op. No. 02-0027, 01-94, 97-428.
In conclusion, it remains the opinion of this office that a municipality may, but is not required to, reimburse the legal expenses incurred by a public official when the public official hires an attorney to defend criminal charges brought against him as a result of carrying out the official duties of public office. We reiterate that the town council must determine that the legal fees paid are reasonable and necessary.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/crt